## *In re* THE LUCKENBACK.[1]

(*District Court, S. D. New York.* March 9, 1886.)

SHIPPING — LIMITATION OF LIABILITY — PRACTICE — FILING PETITION — PROPER COURT — ADMIRALTY RULE 57.

A libel having been filed for damages against the tug L. in the district court of the United States for the Eastern district of New York, upon which, after judgment against the tug, an appeal was taken by the owners to the circuit and thence to the supreme court; and other suits for damages arising out of the same disaster having been brought against the owners in the state courts in the Southern district of New York,—a petition to limit liability was filed by the owners in the district court for the Southern district during the pendency of the appeal in the libel suit. On motion to dismiss the proceedings, as having been brought in the wrong district, *held*, that the petition should have been filed in the district court of the Eastern district, in which the original libel was filed, and the motion to dismiss was granted.

In Admiralty.

*Butler, Stillman & Hubbard,* (Mr. *Mynderse*,) for petitioners.

*Goodrich, Deady & Platt,* opposed.

BROWN, J. The steam-tug E. Luckenback having been heretofore libeled in the Eastern district on a claim of damages for negligence, she was adjudged liable, and a decree entered against her. Upon appeal, that decree was affirmed in the circuit court, and from the decree of affirmance a further appeal was taken to the supreme court, where that appeal is now pending. Other suits arising out of the same disaster have been commenced in the state courts in this district against the owners of the tug; and the owners have now filed in this court a petition for a limitation of liability. A motion to dismiss the petition has been made, under the fifty-seventh rule of the supreme court in admiralty, upon the ground that the petition is filed in the wrong district, and should have been filed in the Eastern district. The fifty-seventh rule provides that "the said libel or petition shall be filed, and the said proceedings had, in any district court of the United States in which said ship or vessel may be libeled; * * * or, if the said ship or vessel be not libeled, then in the district court for any district in which said owner or owners may be sued in that behalf." Both clauses of the rule above cited are in the present tense. There is a libel pending, and the vessel is libeled; but not in any district court. The appeal removed the cause completely into the circuit court.

In the case of *The Benefactor*, 103 U. S. 239, proceedings to limit liability, after an appeal to the circuit court had been had, on the libel for damages, were taken in the district court for the Eastern district, where the libel for damages had been filed. The supreme court, in reversing the decree of the circuit court in the limited lia-

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

bility proceedings, directed that all the further proceedings therein be had in the circuit court; and at the same time provided by the new rule (58) that, where "such cases are or shall be pending in said courts on appeal from the district courts," "the rules and regulations shall apply to the circuit court."

This rule was adopted on the ground of convenience. It is based solely upon the pendency of the cause in the circuit court, and because the final decree, after appeal to the supreme court, is ordinarily a decree of the circuit court upon the mandate of the supreme court. The question considered by the supreme court in the case of *The Benefactor* was, where shall the limited liability proceeding be continued upon a reversal by the supreme court of a decree of the circuit in that proceeding? The court directed in that case, and provided generally by rule 58, that in "such cases" the further proceedings might be had in the circuit court. I do not think that the decision, or rule 58, was intended to determine the place where the *original* proceeding to limit liability should be commenced, even though a libel for damages might be then pending in the circuit, or in the supreme court.

In all admiralty causes, the district court is the court of original jurisdiction, and the circuit court is an appellate court only. The proceedings in limitation of liability ought undoubtedly to be conducted, so far as possible, upon the analogy of all other proceedings in admiralty, and therefore commenced in the district court, so that the right of appeal and review in the circuit may remain unimpaired. The words "such cases," near the close of rule 58, should therefore be construed as referring only to the cases of direct proceedings to limit liability, and not to cases in which only a libel for damages may be pending in the circuit on appeal.

The question comes back, therefore, to the construction of rule 57. Under that rule, as the vessel has been libeled for damages, the second clause does not apply; and consequently the words "may be libeled," in the previous clause, must be construed as including cases in which the vessels may *have been libeled*. The present proceedings should therefore have been instituted in the district court of the Eastern district. This conclusion harmonizes with the precedent of *The Benefactor, ubi supra,* which should be followed in this case.

The motion to dismiss the proceeding will therefore be granted.