## WHITE v. ISLAND TRANSPORTATION COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 206.    Submitted January 26, 1914.—Decided April 13, 1914.

The jurisdiction of a district court in a proceeding in admiralty to limit the liability of a ship owner, under Rev. Stat., §§ 4283 et seq., is not ousted merely because a damage claimant puts in issue the allegation in the petition or libel that the damage was occasioned without the privity or knowledge of the owner. Butler v. Boston Steamship Co., 130 U. S. 527.

In a proceeding in admiralty under Rev. Stat., §§ 4283 et seq., questions of fact, whether jurisdictional or otherwise, are to be settled by a trial; and where the petition alleges that the damage or injury, liability for which is sought to be limited, was occasioned without the privity or knowledge of the owner, and the damage claimant waives proof of that allegation, it must be taken as true, and there will be no defect of jurisdiction in that regard.

Under Rev. Stat., §§ 4283 et seq., and admiralty rules 53–57, a proceeding to limit the liability of the ship owner may be maintained whether there be a plurality of claims or only one.

THE facts, which involve the construction and application of the statutes regarding limitation of liability of vessel owners, are stated in the opinion.

Mr. M. J. Gordon, Mr. P. C. Sullivan and Mr. E. B. Stevens for appellant:

The limited liability acts of Congress do not extend to appellant's cause of action, as that cause of action is disclosed by the record. Section 4283, Comp. Stat. 1901, p. 2943. As additional or supplementary thereto, see § 18, c. 121, act of June 26, 1884; Richardson v. Harmon, 222 U. S. 96.

The injury for which the appellant sought recovery did not arise out of the conduct of the master or crew, but

from the fault and negligence of the owners in improperly constructing a vessel which it thereafter devoted to the carriage of passengers for hire.

The claim which the appellant was asserting was one predicated on negligent construction by the owner, as contradistinguished from any negligence arising out of the conduct of the master and the crew.

The law devolved upon the appellee as a common carrier of passengers for hire the duty of providing safely constructed and properly equipped boats engaged in such carriage, so far as the exercise of the highest degree of care, prudence and foresight might contribute toward making them safe. *Phila. & Reading Ry. Co.* v. *Derby*, 14 How. 485; *Steamboat New World* v. *King*, 16 How. 469; *Penna. R. R. Co.* v. *Roy*, 102 U. S. 451; *Stokes* v. *Saltonstall*, 13 Pet. 181; *Railroad Co.* v. *Pollard*, 22 Wall. 341; *Williams* v. *S. F. & N. Ry. Co.*, 39 Washington, 77; *Firebaugh* v. *Seattle Electric Co.*, 40 Washington, 658.

Since the owner had the right to design and construct this vessel according to its own plan, it would seem to follow, as a necessary sequence, that an injury to a passenger which is the result of improper construction, must be attributed to the fault of the owner, rather than that of the master and crew.

*Mr. Ovid A. Byers* and *Mr. Alpheus Byers* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of of the court.

While a passenger on the steamboat *Fairhaven*, plying upon Puget Sound, Laura G. White sustained a severe personal injury in being caught or thrown by a rod, called a hog-chain, extending through the deck and connecting with the paddle-wheel. To recover for the injury she brought an action against the Island Transportation

Company, the owner of the vessel, in the Superior Court for King County, in the State of Washington, naming $21,350.87 as her damages. The owner then filed a libel or petition in the District Court of the United States for that district to secure the benefit of the statute limiting the liability of vessel owners. Rev. Stat., §§ 4283–4285; Admiralty Rules, 53–57, 210 U. S. 562. The petition referred to the action in the state court, and alleged that the damage claimant was insisting that her injury was caused by "the carelessness and negligence of the employés" of the owner in handling the vessel, in not furnishing the passengers with safe and proper facilities, and in not informing them of dangerous conditions. It also alleged that the claimant was injured through her own negligence, without any fault in the construction, equipment, management, control or care of the vessel, and especially without the privity or knowledge of the owner; that there was a valid and meritorious defense to the claim; and that the value of the vessel did not exceed $10,000. The petition, while insisting upon the right of the owner, under admiralty rule 56, to contest its liability and that of the vessel in that proceeding, prayed for an appraisement of the vessel and her pending freight, for an order for the payment of the amount of the appraisement into court or the giving of a stipulation with sureties for such payment whenever required, for the issuance of a monition in the usual form and upon the usual condition, for an order restraining the prosecution of the action in the state court, for a decree limiting the owner's liability, if any, and for other appropriate relief. Although laying no special basis for it, the petition also, in a general way, indicated that the owner apprehended other claims and actions of a like character, and the prayer for the monition and relief was so framed as to include them. After other steps in the proceeding which need not be noticed, the claimant answered alleging, in substance, that her

claim was founded solely upon the owner's negligence in that the hog-chain was part of the construction of the vessel, and, with the knowledge and acquiescence of the owner, was negligently left unboxed, uncovered and unguarded so that it endangered the passengers when upon the deck, in the place regularly assigned to them, and that her injury was caused by such negligence and not by any fault of her own. In addition, the answer contained this paragraph: "8th. The respondent further alleges that the facts are such that the petitioner is not entitled to take the benefit of the limited liability acts, and joins issue with the petitioner thereon and asks that the court determine this question before it proceeds further in the said matter." The claimant also moved to dismiss the proceeding for want of jurisdiction, upon the ground that the pleadings showed that the injury was attributable to negligence of the owner, and that the petition disclosed but one claim and laid no basis for apprehending the existence of others. The motion to dismiss was overruled, and an exception reserved. The claimant elected to stand upon the motion and refused to move further in the proceeding, whereupon, proof of the allegations of the petition "being waived," a final decree was entered for the owner adjudging that the claimant take nothing by the proceeding. This appeal followed, and a certificate was granted showing the grounds of the motion, the court's ruling, and the exception. See Judicial Code, § 238.

The objection that the court was without jurisdiction, because the pleadings showed that the damage was occasioned by the negligence of the owner, evidently resulted from a misapprehension of what was in the pleadings. So far were they from settling where the fault lay that they put the matter directly in issue, the petition alleging that the injury was occasioned without the owner's privity or knowledge and the answer affirming that it was caused by the owner's negligence and not otherwise. If the fact was

as alleged in the petition, the case was within the statute, for § 4283 declares: "The liability of the owner of any vessel . . . for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." And while the claimant was at liberty, under admiralty rule 56, to contest the owner's right to a limitation of liability, the decision of the question necessarily rested with the court. Its jurisdiction was not ousted merely because the claimant took issue with what was alleged in the petition. *Butler* v. *Boston Steamship Co.*, 130 U. S. 527, 552, 553. The questions of fact so presented were to be settled by a trial, and this was so whether the facts were jurisdictional or otherwise. But there was no trial. Instead of insisting that the allegations of the petition be proved, the claimant expressly waived proof of them, thereby consenting that they be taken as true. As they were plainly to the effect that the injury was without the privity or knowledge of the owner, there was no defect in the jurisdiction at that point.

The objection that the court could not entertain the proceeding, because the petition disclosed only one claim arising out of the injury, is grounded upon the terms of §§ 4284 and 4285, which require a *pro rata* distribution of the value of the vessel and freight when not sufficient to satisfy all claims, authorize proceedings to obtain the benefit of the statute, make the surrender of the vessel and freight for the benefit of claimants a sufficient compliance with the statute on the part of the owner, and declare that upon such surrender all claims and proceedings against the owner shall cease. It must be conceded that these sections, if taken alone, give color to the objection, for, with a single exception, their words apparently contemplate a plurality of claims. But to a right understand-

ing of these sections it is essential that they be read with
§ 4283. It contains the fundamental provision on which
the others turn. It broadly declares that "the lia-
bility . . . for *any* . . . damage . . . oc-
casioned . . . without the privity or knowledge of
such owner . . . shall *in no case* exceed" the value of
the vessel and freight. The succeeding sections are in the
nature of an appendix and relate to the proceedings by
which the first is to be made effective. Therefore, they
should be so construed as to bring them into correspond-
ence with it. It was so held in *Butler* v. *Boston Steamship
Co.; supra* (pp. 550, 551), where it became necessary to
consider another difference in terms between them and it.
In that case this court said, quoting from a decision of the
Supreme Court of Rhode Island: "These sections [4284 and
4285], if we look only to the letter, apply only to injuries
and losses of property. The question is, therefore, whether
we shall by construction bring the three sections into cor-
respondence by confining the scope of § 4283 to injuries
and losses of property, or by enlarging the scope of the two
other sections so as to include injuries to the person. We
think it is more reasonable to suppose that the designation
of losses and injuries in §§ 4284 and 4285 is imperfect, a
part being mentioned representatively for the whole, and
consequently that those sections were intended to extend
to injuries to the person as well as to injuries to property,
than it is to suppose that § 4283 was intended to extend
only to the latter class of injuries, and was inadvertently
couched in words of broader meaning." In the lower
Federal courts there has been some contrariety of opinion
upon the point now being considered, but the prevailing
view has been that due regard for the broad terms and
dominant force of § 4283 requires that §§ 4284 and 4285
be construed as authorizing a proceeding for limitation of
liability whether there be a plurality of claims or only one.
*Quinlan* v. *Pew*, 56 Fed. Rep. 111, 120; *The S. A. McCaulley,*

99 Fed. Rep. 302, 304; *The Hoffmans,* 171 Fed. Rep. 455, 457; Benedict's Admiralty, 4th ed., § 533.　In the recent case of *Richardson* v. *Harmon,* 222 U. S. 96, where there was but a single claim, it was assumed by both court and counsel that a plurality of claims was not essential.　We think that is the true view of the statute.

*Decree affirmed.*