STRONG v. HOLMES.

(Circuit Court of Appeals, Ninth Circuit. December 4, 1916.)

No. 2648

1. SHIPPING �köm209(1)—LIMITATION OF LIABILITY—"MAY BE SUED IN THAT BEHALF"—DISTRICT OF SUIT.

In admiralty rule 57 (29 Sup. Ct. xlvi), providing that a petition for limitation of liability shall be filed in the District Court of the district in which the ship may be libeled to answer for the liability against which limitation is sought, or if the ship "be not libeled then in the District Court for any district in which the said owner or owners may be sued in that behalf," the term "may be sued in that behalf" refers to suits already instituted against the owner to enforce his liability.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646, 649; Dec. Dig. ⊙köm209(1).]

2. SHIPPING ⊙köm209(1)—LIMITATION OF LIABILITY—"IN BEHALF OF"—JURISDICTION OF COURT.

An action in a District Court against a shipowner, based on a judgment recovered against him in a state court in another jurisdiction for loss of

cargo, is one "in behalf of" such loss, within the fair meaning of such rule, and such District Court has jurisdiction to entertain a petition by the shipowner for limitation of liability.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646, 649; Dec. Dig. ☞209(1).

For other definitions, see Words and Phrases, First and Second Series, In Behalf of.]

3. SHIPPING ☞209(2)—LIMITATION OF LIABILITY—RIGHT TO LIMITATION.
That there is but one claim against a ship or owner does not defeat the owner's right to a limitation of liability.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 647; Dec. Dig. ☞209(2).

Appeal from the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Petition in admiralty by H. C. Strong, as owner of the steamship Alki, for limitation of liability. From a decree dismissing the petition for want of jurisdiction, petitioner appeals. Reversed.

Bronson, Robinson & Jones, of Seattle, Wash., and Shackleford & Bayless, of Juneau, Alaska, for appellant.

Chauncy L. Baxter and J. Will Jones, both of Seattle, Wash., and V. A. Paine, of Juneau, Alaska, for appellee.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This is an appeal from a decree dismissing, for want of jurisdiction, a libel or petition to limit liability under the act of March 3, 1851, entitled "an act to limit the liability of shipowners and for other purposes" (R. S. §§ 4283–4289 [Comp. St. 1913, §§ 8021–8027]).

[1] Admiralty rule 57, as amended and promulgated April 22, 1889 (130 U. S. 705, 29 Sup. Ct. xlvi), provides as follows:

"The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer to any such embezzlement, loss, destruction, damage or injury, or, if the ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf. When the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided. If the ship have already been libeled and sold, the proceeds shall represent the same for the purposes of these rules."

Under this rule, where the ship has not been libeled to answer for the embezzlement, loss, destruction, damage, or injury, as is the case here, the libel or petition to limit liability shall be filed in the District Court for any district in which the owner or owners may be sued in that behalf. The term "may be sued in that behalf" refers to suits already instituted. In re The Luckenback (D. C.) 26 Fed. 870.

[2] The facts upon which the jurisdiction depends in this case are as follows: Certain piles of lumber on the steamship Alki toppled

over on a voyage from the city of Seattle to Juneau, Alaska, on the 31st day of March, 1912. A personal action was thereafter brought in the superior court of King county, state of Washington, against the appellant, as owner, to recover damages for the loss and injury occasioned thereby. A judgment was recovered in that action in the sum of $21,250. Thereafter a suit was instituted on the King county judgment against the appellant in the court below, and in that suit a second judgment was recovered, upon which the appellee is now threatening to issue an execution. It will thus be seen that the jurisdiction of the court below depended upon the question whether the suit on the King county judgment in the Alaska court was a suit in behalf of the loss or injury resulting from the toppling over of the lumber, within the meaning of rule 57. We think that it was.

"In these provisions of the statute we have sketched in outline a scheme of laws and regulations for the benefit of the shipping interest, the value and importance of which to our maritime commerce can hardly be estimated. Nevertheless, the practical value of the law will largely depend on the manner in which it is administered. If the courts having the execution of it administer it in a spirit of fairness, with the view of giving to shipowners the full benefit of the immunities intended to be secured by it, the encouragement it will afford to commercial operations (as before stated) will be of the last importance. But if it is administered with a tight and grudging hand, construing every clause most unfavorably against the shipowner, and allowing as little as possible to operate in his favor, the law will hardly be worth the trouble of its enactment. Its value and efficiency will also be greatly diminished, if not entirely destroyed, by allowing its administration to be hampered and interfered with by various and conflicting jurisdictions." Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 588, 3 Sup. Ct. 379, 385 (27 L. Ed. 1038).

While the rule of liberal construction may not apply to jurisdictional questions, yet it should not be entirely lost sight of in determining the question now before us and in construing the rules adopted by the Supreme Court. Technically speaking, of course, the suit instituted in the District of Alaska was upon a judgment. But if we go behind the mere form, and look at the substance of things, the real and only purpose of that suit was to enforce the personal liability of the owner for the loss or damages in question, and the effect upon the shipowner will be the same, whether the appellee enforces the Alaska judgment or the King county judgment. Under the rule in question personal actions may be brought in many different jurisdictions, as the number of such actions need only be limited by the number of claimants and the number of jurisdictions in which process may be served. The District Court of any jurisdiction in which the owner or owners may be sued has jurisdiction of the limitation proceedings, and the court below was one of such jurisdictions. Other objections are urged against the petition; but these were not passed upon by the court below and call for but slight consideration here. It is suggested that the libel or petition was not filed in time; but we think otherwise. The Benefactor, 103 U. S. 239, 26 L. Ed. 351.

[3] It is also urged that there is only one claimant, and that the value of the vessel is greatly in excess of his claim; but the fact that there is but one claim is immaterial. White v. Island Transportation Co., 233 U. S. 346, 34 Sup. Ct. 589, 58 L. Ed. 993. And the claim

that the value of the ship greatly exceeds the amount of the claim is not supported by the record.

The decree of the court below is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.