## In re THAMES TOWBOAT CO.

District Court, D. Connecticut. May 11, 1927.

No. 3083.

1. **Admiralty ⬤�señ72, 78—Motions to quash or strike out libel or to remove suit are unknown in admiralty.**

There are no such proceedings in admiralty as motions to quash or strike out libel, or to remove suit to another district.

2. **Shipping ⬤➟209(1⅛)—Court of district where owner of vessel is incorporated and in which vessel is, held to have jurisdiction of suit for limitation of liability.**

The District Court of the district in which the owner of a vessel is incorporated, and in which the vessel is at her home port, has jurisdiction of a suit by such owner for limitation of liability, and such jurisdiction is not affected by the fact that a libel against the vessel had been filed in another district on which no process was issued.

In Admiralty. Petition of the Thames Towboat Company, owner of steamtug Bess and barge Hornet, for limitation of liability. On motion of damage claimant Triton Oil & Fertilizer Company to dismiss for want of jurisdiction. Motion denied.

Forrest E. Single, of New York City, for claimant.

Park, Mattison & Lynch, of New York City, for Thames Towboat Co.

THOMAS, District Judge. This is a proceeding brought by the Thames Towboat Company of New London, Conn., as owner of the steamtug Bess and the barge Hornet, to limit its liability as such owner, for all loss, damage, destruction, or injury caused by or resulting from the sinking of the barge Hornet with her cargo of fish scrap in Gravesend Bay, New York Harbor, on or about December 20, 1925. The proceeding is brought pursuant to sections 4282–4287 of the Revised Statutes of the United States (46 USCA §§ 182–187; Comp. St. §§ 8020–8025) and the various acts amendatory thereof and supplemental thereto.

Triton Oil & Fertilizer Company, the alleged owner of the cargo of fish scrap on the barge Hornet, has appeared specially and protests the jurisdiction of this court as follows:

"Triton Oil & Fertilizer Company (a) excepts to, (b) moves to strike from the files, (c) moves to quash, (d) moves to remove to the Eastern District of New York, and (e) respectfully suggests that this honorable court is without jurisdiction herein."

[1] Upon the argument had and from the memorandum submitted by the Triton Oil & Fertilizer Company in support of the motion regarding the jurisdiction of this court, the only contention of the damage claimant is that this court is without jurisdiction of this matter, as the United States District Court for the Eastern District of New York had previously acquired jurisdiction. The motions of the damage claimant, to strike from the files, to quash, and to remove to the Eastern district of New York, will therefore be disregarded in considering this motion, as, even if this court has no jurisdiction, the papers filed by the petitioner, the Thames Towboat Company will still remain in the files of this court, and there are no such proceedings in admiralty as motions to quash and/or motions to remove from one district to another.

[2] The matter then resolves itself into an exception to the petition for limitation of liability and a suggestion that this court is without jurisdiction herein.

The libelant is a corporation organized and existing under the laws of Connecticut, and has its principal place of business in the city of New London, in this district. It is the owner of the tug Bess and was the owner of the barge Hornet until she sank. On or about July 21, 1926, the Triton Company filed a libel against the Bess and the Thames Towboat Company in the Eastern District of New York. No process was issued thereunder; the Bess was not attached by the marshal, nor was a copy of the libel served upon an officer of the company. Instead, a copy of the libel was mailed to the New York office of the Thames Towboat Company, with a written request that they "kindly put in an appearance and furnish bond."

Rule 54, promulgated by the Supreme Court of the United States, December 6, 1926, provides as follows:

"The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf; * * * when the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to

the control of such court for the purposes of the case as hereinbefore provided. If the ship shall have already been libeled, or sold, the proceeds shall represent the same for the purposes of these rules."

Under this rule the shipowner who has suffered from any loss or destruction by the masters and others of any property shipped on his vessel or from any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without his privity or knowledge, and who therefore deems himself entitled to the benefit of the statute, may file with the District Court for the proper district a libel or petition setting forth the facts and circumstances under which the loss occurred and on which he claims a limitation of liability. This the libelant did in the case at bar. It filed a petition for limitation of liability in this district, which was the natural and proper thing to do, because the Thames Towboat Company is a Connecticut corporation, its principal place of business is at the port of New London, and the tug Bess, according to claimant's libel, was at the port of New London at the time the libel was filed. An appraisal of the Bess was made, and its liability was limited to the appraised value, to wit, $25,000. A bond was filed for that amount with sufficient sureties and approved by this court, and an order went forth for the issue, service, and publication of a monition citing all persons to appear who claim damage by reason of the loss. A temporary injunction was issued, restraining the commencement of any new suits or actions against the petitioner or his vessel and causes of action arising out of this loss, and also restraining the further prosecution of the libel commenced in the Eastern district of New York.

In accordance with White v. Island Transportation Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993, and Strong v. Holmes (C. C. A.) 238 F. 554, the petition in the case at bar was properly filed. Judge Rudkin, speaking for the Circuit Court of Appeals, Ninth Circuit, on page 556, said:

"The District Court of any jurisdiction in which the owner or owners may be sued has jurisdiction of the limitation proceedings."

It may even be filed before any suit is brought against the owner. Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066. There the ship was not libeled, nor was the owner sued. The vessel was bound on Lake Michigan from Grand Haven to Chicago, and she sunk. Some portions of the wreck were washed ashore in Michigan. The libel for limitation of liability was filed in the District Court for the Northern District of Illinois. A trustee was appointed, and portions of the wreck and pending freight were transferred to him. The Supreme Court held that the District Court for the Northern District of Illinois had jurisdiction.

In the case of the Rochester (D. C.) 230 F. 519, Judge Hazel held that the owner, notwithstanding the release of the vessel by an undertaking, was entitled to limitation of liability, citing The City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134.

In Re Morrison, Petitioner, 147 U. S. 14, on page 33, 13 S. Ct. 246, 253 (37 L. Ed. 60), Mr. Justice Blatchford, said:

"Under rule 57 in admiralty [now rule 54] prescribed by this court (130 U. S. 705), the Dimock not having been libeled to answer for the loss resulting from the collision, and no suit therefor having been commenced against her owner, the proceedings were instituted lawfully in the District Court in Massachusetts, that being the district in which the vessel was at the time the proceedings were instituted, and she being at that time subject to the control of that court for the purposes of the case, as provided by rule 54 (137 U. S. 711) and rules 55 and 56 (13 Wall. 13)."

The authorities cited by counsel for damage claimant have had careful examination, but the facts in the cases cited are not similar to those in the case at bar.

It seems clear on reason and authority that this court has jurisdiction of the subject-matter and exclusive jurisdiction of the vessel as it was in this district, its home port, where the petition to limit liability was filed. It also has jurisdiction of the petitioner, as it is a Connecticut corporation.

The damage claimant's motion to dismiss for lack of jurisdiction is denied.

Decree accordingly.