## PITCHER et al. v. JONES et al.

No. 4659.   Decided April 17, 1928.   (267 P. 184.)

*J. J. Whitaker,* of Salt Lake City, for appellants.

*P. C. Evans,* of Salt Lake City, for respondents.

STRAUP, J.

The plaintiffs, subject to the paramount title of the government of the United States, in virtue of mining locations made by them in May, 1925, claim to be the owners and entitled to the possession of certain mining claims called "Little May Lode," "Jumbo," "Jumbo No. 2," and "Jumbo

No. 3," located in Cache county. The defendants claim title to mining claims called the "Pioneer Lode," "South Pittsburg Lode," and the "Galena Central Lode," located by them July 1, 1923, in the same mining district and county. The areas of the claims of the respective parties overlap and are in conflict. The plaintiffs brought this action to quiet title to and right of posession in them as against the defendants. The case was tried to the court. Findings were made and judgment rendered in favor of defendants, from which the plaintiffs appeal.

The court found that the claims located by the defendants are valid and that the locations thereof are prior and superior to those of the plaintiffs; that the defendants, ever since the location of their claims, July 1, 1923, were the owners in possession and entitled to the possession of their claims and of the mineral, ore, and valuable deposits therein contained; that they performed the annual assessment work on each of such claims as the law required; and that the claims of the plaintiffs, located in May, 1925, in so far as they embraced ground and areas of the defendants' claims in conflict therewith, are invalid. These findings are assailed by plaintiffs on the ground that the evidence is insufficient to show that the assessment work was done on the defendants' claims and that the defendants, prior to posting and recording their location notices and marking the boundaries of their claims on the ground, had not made a sufficient discovery of mineral within the limits of their claims, as they were required to do to make a location of a valid claim on the public domain.

Evidence was given by the parties as to the description and recordation of notices of location of their respective claims, marking the boundary lines thereof on the ground and tying them to permanent or natural monuments or objects. There is no controversy as to these matters. On the record it is apparent that the plaintiffs made their locations in 1925, not on the theory that the lo-

cations of the defendants' claims were invalid because no discovery was made by the defendants of a vein or lode of mineral or rock containing mineral in place within the limits of their respective claims, but because, as they claimed, the assessment work was not done by the defendants on their claims, and hence the ground was subject to location by the plaintiffs. In support of their contention the plaintiffs gave evidence to show that no assessment or development work had been done by the defendants on their claims, and that no work had been done on the ground or area covered by the defendants' claims for many years prior to the location of the plaintiffs' claims. No evidence was given by the plaintiffs that the defendants had not discovered a vein or lode or rock containing mineral in place, nor by allegations or proof when the plaintiffs introduced their evidence and rested was it claimed that the defendants' claims were invalid because of no discovery of mineral within the limits of their claims, or that the defendants had abandoned or forfeited their rights for any reason, except the failure to do the required amount of assessment work. The defendants, in support of their claims, gave evidence to show that the assessment work and the amount thereof was done by them as by law required and put in evidence filed and recorded proofs thereof, put in evidence the recorded notices of the location of their claims, and gave evidence of staking, marking, and tying their claims on the ground and of posting and depositing notices of location in a tin can at the discovery monument of their claims. Thereupon counsel for plaintiffs, in cross-examining one of the defendants, inquired of him, if he, on one of the claims to which his attention was called, had discovered ore at the discovery monument. The witness answered, "Certainly; I discovered—I found ore out there." Then the counsel asked him if, at the place of his discovery, he at that time found ore of "commercial value in place." The witness answered, "At the time I made this location, I cannot answer the question." Then counsel repeated the question and

again asked the witness if he, when he erected the monument of discovery, at that time and at that place, found "any ore of commercial value in place." The witness answered: "No; I cannot say that I did at that time, I had known of it previously however." Similar questions were propounded to the witness as to the discovery monument on the two other claims and questions propounded to the witness, if he then at that place found "ore of commercial value in place," to which similar answers were made by the witness. In the course and at the threshold of the trial, the court made the observation, to which the parties acquiesced, that "it is conceded by both parties that the mineral vein is of some value, * * * and both sides are agreed that this is ore-bearing strata or an ore-bearing district." The evidence also shows that the claims of the defendants covered or included areas of claims located and worked by other locators or claimants many years prior to the defendants' locations, and upon which claims a tunnel of over 250 feet had been constructed in mining operations carried on by such prior claimants, but which claims admittedly had been abandoned long prior to the location of the defendants' claims.

On the record we think the court was justified in finding that the annual assessment work was done by the defendants on each of their claims and in an amount as was required by law, and that they were in possession of such claims when the plaintiffs in 1925, made locations of their claims. We approve such findings. We also think the court was justified in finding and holding that the locations of the defendants' claims were valid. We think the claim made by the plaintiffs that the defendants' claims were invalid because of insufficient evidence to show that mineral was discovered within the limits of the defendants' claims is, on the record, not well founded. It, of course, is well settled that it is essential to the validity of a mining location of a vein or lode claim that there be a discovery of mineral in place within the limits of the claim. It, however, is not necessary that ore or mineral in place in paying

quantities be found, or of "commercial value" as indicated by the questions propounded by counsel for the plaintiffs. In such respect "the well-established test is that to constitute a valid location there must be such a discovery of mineral as that an ordinarily prudent man, not necessarily a miner, would be justified in expending his time and money thereon in the development of the property. When the locator finds rock in place, containing mineral, he has made a discovery, within the meaning of the statute, whether the rock or earth is rich or poor, whether it assays high or low, and though it be merely a crevice or seam filled with mineral deposit." 18 R. C. L. 1122; 40 C. J. 784. Such is familiar doctrine. Thus, the contention of appellants that because "ore" in place was not found "in commercial value" at the place of the defendants' discovery monument and therefore no sufficient discovery of mineral was made to constitute a valid mining location, is not tenable.

A further contention is made by the plaintiffs that to constitute a valid location the defendants were required not only to find ore in place in commercial value, but also were required to make such discovery at the particular time of making the location and of erecting or placing on the ground the discovery monument, and inasmuch as the witness to whom the questions were propounded, if he made discovery of ore of commercial value in place at the time of placing or erecting the discovery monument, and answered, "I cannot say I did at that time, I had known of it previously, however," it is contended no sufficient discovery was made. Again the law is that it is not necessary that a discovery precede or coexist with the posting of notices or of the marking of the claims. A discovery subsequently made perfects the title, except in so far as the rights of others may have intervened, at least from the date of discovery. 18 R. C. L. 1125; 40 C. J. 786. Nor is it essential that the locator of a mining claim should be the first discoverer of a vein or lode in order to make a

valid location, and if it appears that the locator knew at the time of making his location that there had been a discovery of a vein or lode within the limits of his location, he may base his location upon it and thus avoid the necessity of making a discovery for himself. 18 R. C. L. 1122; 40 C. J. 785. Further, " the purpose of the requirement under the act of Congress requiring that no location of a mining claim shall be made until the discovery of a vein or lode within the limits of the claim located, as well as under state legislation and miners' rules and regulations, is to prevent fraud upon the government by persons attempting to acquire a patent to land not mineral in its character." 18 R. C. L. 1120.

Here, admittedly, the ground is mineral in character. It, however, is not to be understood that the question of discovery is one only between the government and a locator of a mineral claim. It may also arise and be involved as between contesting claimants. But when the controversy is between two mineral claimants, the rule respecting the sufficiency of a discovery is more liberal than in a controversy between a mineral claimant and the government or between him and an agricultural claimant. Especially is that true in a contest between two mineral claimants as here, where the subsequent locator is seeking to invalidate a prior location on the ground of an insufficient discovery of mineral within the limits of the prior location.

On the record we think the right result was reached by the court. The judgment is therefore affirmed, with costs to the respondent.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.