## ROYAL MAIL STEAM PACKET CO. v. COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

District Court, E. D. New York.　May 15, 1928.

**1. Admiralty ☞1—Admiralty court can try or refuse to hear case only in exercise of judicial discretion according to law.**

Admiralty court's decision to try or refuse to hear a case is not to be expressed arbitrarily, but only through exercise of judicial discretion according to law, as shown by court decisions.

**2. Admiralty ☞5—Court may permit trial of suit for damages by collision in foreign waters in district wherein vessel was attached, if deemed necessary to do justice.**

Federal court of district wherein vessel was attached in suit for damages by collision in foreign waters correctly exercises its discretion in allowing suit to be tried in such district, if it feels that it should be tried there to do justice, or best protect libelant's, as well as respondent's, rights.

**3. Courts ☞513—Generally libelant may choose forum, when there is choice.**

Generally, where there is a choice of forum, the libelant has the right of choice.

**4. Admiralty ☞4—British libelant held entitled to trial of suit for damages by collision in Belgian waters in United States court.**

British libelant, whose offer to settle dispute arising from collision between its ship and Brazilian ship in Belgian waters in either Belgian or English courts, if respondent gave security, was unavailing because of respondent's refusal to waive Belgian statutory limitation of liability to 200 francs per gross ton, held entitled to trial of damage suit in Eastern district of New York, wherein respondent's vessel was attached, in view of injustice arising from depreciation of Belgian currency since enactment of such law.

**5. Courts ☞514—Brazilian corporation could not institute limitation of liability proceeding in Belgium after United States court acquired jurisdiction.**

Brazilian corporation, doing nothing in Belgium except to take survey after collision between its ship and British ship in Belgian waters, and not instituting proceeding for limitation of liability in Belgium before libel was brought by owner of British vessel in United States court, cannot do so after latter court acquired jurisdiction through attachment of such corporation's vessel.

**6. Shipping ☞209(1)—Brazilian corporation, sued in United States court for damages to British ship by collision in Belgian waters, may assert right to limit liability as defense, or by separate proceeding in such court.**

Brazilian corporation, sued in United States court for damages to British ship by collision with its vessel in Belgian waters, can assert its right to limitation of liability, either by way of defense in such suit or by separate proceeding in such court.

**7. Shipping ☞209(1)—United States court, rightfully taking jurisdiction of suit for damages by collision between foreign vessels in foreign waters, will administer right to limit liability according to United States law.**

United States court, having rightfully taken jurisdiction of British corporation's suit against Brazilian corporation for damages by collision between their respective vessels in Belgian waters on attachment of respondent's vessel in United States waters, will administer respondent's right to limit liability according to law of United States.

**8. Shipping ☞209(2)—Fact of but one claim is immaterial, in determining right to limitation of liability in suit for collision between foreign vessels in foreign waters.**

The mere fact that there is but one claim for damages to British vessel by collision with Brazilian ship in Belgian waters is immaterial, in determining British libelant's right to trial of suit and litigating right to limitation of liability in United States court, acquiring jurisdiction through attachment of Brazilian vessel.

**9. Shipping ☞209(1)—Right to limit liability for collision in foreign waters should be decided according to law of United States, in suit brought therein, where laws of nation of neither owner are invoked.**

Laws of neither England nor Brazil having been invoked by British and Brazilian owners of vessels colliding in Belgian waters, question of limitation of liability, raised in damage suit brought in United States court, which acquired jurisdiction through attachment of respondent's vessel, should be decided according to law of forum, though Belgian law might be administered in such forum, on theory of lex loci, if properly alleged and proved.

**10. Admiralty ☞4—United States court may retain jurisdiction of damage suit, acquired through attachment of foreign vessel, whether collision occurred in open sea or territorial water.**

Place of collision between foreign vessels offers no obstacle to retention of jurisdiction of damage suit, acquired by United States court through attachment of respondent's vessel, whether collision took place in open sea or in any territorial water.

In Admiralty. Libel by the Royal Mail Steam Packet Company against the Companhia de Navegacao Lloyd Brasileiro, which moved for an order vacating an attachment and dismissing the libel. Motions denied, and jurisdiction retained.

Burlingham, Veeder, Masten & Fearey, of New York City (Van Vechten Veeder and A. Howard Neely, both of New York City, of counsel), for libelant.

Purrington & McConnell, of New York City (Frank J. McConnell and James D. Brown, both of New York City, of counsel), for respondent.

INCH, District Judge. Libelant is a British corporation. Respondent is a Brazilian corporation. Two steamships, one owned by libelant, one by respondent, collided in the waters of Belgium. Libelant has sued respondent in this, the Eastern, district of New York, acquiring jurisdiction through an attachment of one of the respondent's vessels in this district.

[1] Respondent duly moves for an order vacating the attachment, and dismissing the libel, on the ground that this suit belongs to that class of cases where it is proper for this court to either agree to try or refuse to hear the controversy. It is not disputed but that this court has jurisdiction, should it decide to hear the suit. This decision, however, is not to be expressed arbitrarily, but only through the authority of the exercise of judicial discretion, and this exercise is therefore dependent for its validity on the law, as shown by decisions of the courts.

[2] The question raised, therefore, is whether or not, in the exercise of this judicial discretion, this court should allow the suit to be tried in this court. It has been said that the court will not accept jurisdiction, unless it is necessary to prevent a failure of justice. Benedict on Admiralty (5th Ed.) vol. 1, p. 136, and cases therein cited.

It has also been said, apparently interpreting what a failure of justice would mean, "the controlling consideration being whether the rights of the parties would be best promoted by hearing the cause or by remitting it to a foreign tribunal." 1 C. J. p. 1259. If, therefore, this court feels that the suit should be tried here to do justice, or to best protect the rights of the libelant, as well as of the respondent, it will correctly exercise its discretion in allowing the suit to be tried in this district.

The two vessels, owned by these two parties, respectively, collided in the river Scheldt near Antwerp, Belgium, on August 24, 1927. If this were all, it might very well be decided that the suit should be tried in some other jurisdiction. The Kaiser Wilhelm (D. C.) 230 F. 717; The Iquitos (D. C.) 286 F. 383; Neptune Co. v. Sullivan Co. (D. C.) 37 F. 159; Goldman v. Furness (D. C.) 101 F. 467, and many other cases not cited by respondent, but which can easily be found. This, however, is not all there is to the matter, by any means.

[3] There is another rule, laid down in this district in 1889, by Judge Benedict, where he says: "Moreover, the general rule is that, where there is a choice of forum, the libelant has the right of choice. To grant the defendant's application in this case would be to give to the defendant the right of choice." Chubb v. Hamburg Co. (D. C.) 39 F. 431. These motions, I am convinced, are not urged on the ground of convenience of witnesses, or on any of the other usual grounds, although, of course, the same are mentioned and discussed in the brief of respondent.

[4] The point really involved is simply this. There has been damage done, and the respondent desires to limit its liability, under the law of Belgium. The libelant desires that, if such limitation occurs, it shall be governed by our law.

Aside, therefore, from an exact discussion of foreign law, which the papers submitted do not permit, and the ultimate rights of the parties to so limit, sufficient does appear to show that the rights of the libelant will be greatly impaired and from that standpoint an injustice done to libelant, if it is compelled to accept the forum now sought to be chosen by respondent, as against libelant's choice of this forum.

Moreover, it appears from the affidavits submitted by libelant in this proceeding that libelant offered to settle its dispute, either in Belgium courts, or in the English admiralty court, or by arbitration in London, provided the respondents gave security in a reasonable amount. This offer of the libelant was of no avail, for the reason that respondents refused to waive the Belgian right to statutory limitation of its liability.

According to those authorized to act on the part of libelant, as evidenced by the statement in the affidavit of Bolton, verified March 15, 1928, the libelant was at that date still willing to allow the merits of the collision to be determined by the Belgian courts, provided this unjust right to limit liability in Belgium was waived by respondent and sufficient security given. In return, libelant would be willing to give ample counter security.

This objection of libelant to allowing the respondent to limit its liability, if any, in the Belgian court, appears to be neither fanciful nor technical. On the contrary, it is based on a sound reason. There is every appearance from the papers that the amount of damage, regardless of liability, will reach a considerable sum. The Belgian law, as to this right to limit liability, is the same as was enforced in that country prior to the World War, and has never been revised, so as to bring it into line with the depreciation of the Belgian currency. The result is, therefore, that, taking the value of the Belgian francs as they are to-day, and the Belgian

law limiting liability to 200 francs per gross ton, the respondent, if ultimately found to be liable, and being allowed to institute this right to limit in Belgium, will be enabled to unjustly avoid a large portion of its liability, not because of the law, so far as the right to so limit is concerned, but because of a depreciation in the value of the franc.

Thus we have here a British ship and a Brazilian ship in collision. We have laws of four nations available, British, Brazilian, Belgian, and the United States of America. Neither of the first two have been adopted by the parties. The libelant has sought and first obtained the American forum. The respondent now seeks the Belgian forum. Why? Solely because the law of Belgium is so favorable in the above respect to its right to limit liability. This would seem to be unjust to libelant.

[5] Respondent has done nothing in Belgium except the taking of a survey, and while, assuming the Belgian law to be the same as our law, in the absence of proof to the contrary, it might have had the right to institute its limitation proceeding in Belgium before any suit was brought by libelant (Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066), it has not done so, and it is too late to do so, now that this court has acquired jurisdiction.

[6] Respondent can in this suit, either by way of defense or as a separate proceeding, assert its right. The City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134. See practice originally laid down. Norwich Co. v. Wright Co., 13 Wall. (80 U. S.) 104, 20. L. Ed. 585.

[7] This court, however, having rightfully taken jurisdiction, will administer this right of respondent to limit according to the law of this forum. Norwich Co. v. Wright, supra. "If they [the colliding vessels] belong to different nations, having different laws, since it would be unjust to apply the laws of either to the exclusion of the others, the law of the forum—that is, the maritime law as received and practiced therein—would probably furnish the rule of decision." The Scotland, 105 U. S. 24, 26 L. Ed. 1001.

[8] The mere fact that there is but one claim is immaterial. White v. Island Transp. Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993.

[9] It may be very well claimed, if properly alleged and proved, that the foreign law applicable to the merits of the collision, on the theory of the lex loci, may be administered on the trial, in this forum; yet, as to this peculiar and statutory right of limitation of liability, the laws of the nations of neither of the owner parties having been invoked by them, it is and should be the law of this forum "that will furnish the decision."

It plainly appears, therefore, that the rights of libelant will be seriously prejudiced by allowing the respondent to avoid this forum for such a purpose. The right to limit in Belgium is unfortunately so inadequate as to be unjust and unfair.

[10] Nor does the place of the collision offer an obstacle to thus retaining jurisdiction, whether such collision took place in the open sea (The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 29 L. Ed. 152) or in any territorial water (The Kaiser Wilhelm (D. C.) 175 F. 215; The Hallgrim, 1924, A. M. C. 1401, Eastern District, Judge Campbell). This case, therefore, is not the usual case, not infrequently appearing in this and other courts of this port. Neither of the parties is in Belgium. It will be equally as hard on the libelant as on the respondent in regard to witnesses. Both parties are familiar with business at, and known in, the port of New York. Both have ships coming here. The real issue presented by the motions is different from the ordinary question arising in such cases.

While the court is naturally cautious about taking jurisdiction of such cases, and it requires some sound reason for doing so, yet it seems to me, and I am satisfied that, it is the only fair and just thing to do in this case. I am unable to see how any hardship, not otherwise present in the forum respondent seeks, will be visited on either party, by approving the choice of this forum, first selected by libelant.

The motions are denied, and jurisdiction retained.