In re PUTNAM.

In re CHRISTIE.

No. 138.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1932.

On Reargument, Jan. 18, 1932.

Duncan & Mount, of New York City (John A. McManus and Kenneth R. Thompson, both of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City (George S. Brengle, and Oscar R. Houston, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Putnam, the petitioner, was the owner of a Diesel yacht on which the claimant's intestate was injured in circumstances alleged to create liability under the Jones Act (section 33 [46 USCA § 688]). He died of his injuries and the claimant was appointed his administratrix, and made claim against Putnam which her attorneys set at $150,000. Thereupon and before she had taken out a writ, Putnam commenced these proceedings to limit his liability, posted a stipulation for $65,000 and got the usual injunction against all actions. This the claimant then moved to vacate, alleging, as was true, that no other claims could arise from the accident, and that the case was not therefore one where she should be enjoined. The court denied this motion on the ground that the limitation proceedings were an earlier exercise of jurisdiction which excluded that of any other court. The first appeal is from this order. The claimant then filed a claim in the limitation proceeding for $50,000, and moved again to vacate the injunction, this time on the ground that as the claim was thus shown to be less than the value of the yacht, the petitioner was not entitled to limitation in any form. 'This motion the court also denied, because jurisdiction must be determined as of the commencement of the proceeding, when the claim had been greater than the value of the yacht. The second appeal is from this order.

Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, modified what had theretofore been supposed to be the effect of White v. Island Transportation Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993, by holding that, while a petition for limitation might be filed against a single claim and held in terrorem, ordinarily no injunction would go to prevent an action elsewhere. The claim was in that case much larger than the value of the vessel, and concededly the owner was entitled to limit his liability. The single claimant had there already commenced an action, and this is the only ground for distinguishing the case at bar. Both District Judges thought this difference critical, adopting the view that limitation proceedings were in rem, and that the case was an instance of the familiar doctrine that the jurisdiction of the earlier court in a suit involving custody over a res is exclusive. The only question for us is whether this is correct.

We think that it is not. The doctrine invoked rests upon the theory that when one court has assumed possession of property, or has before it a suit in which it may at any time do so (Farmers' L. & T. Co. v. Lake Street El. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667), its disposition is exclusive, and no other court will undertake to adjudicate the interests of the parties until the first has been finally determined. There are perhaps no greater practical difficulties in allowing two suits in rem to proceed together than two suits in personam, and it is well set-

tled law that the plea of lis alio pendens is not good between state and federal courts. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Kline v. Burke Const. Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Grubb v. Public Utilities Comm., 281 U. S. 470, 476, 50 S. Ct. 374, 74 L. Ed. 972; Baltimore & O. R. R. Co. v. Wabash R. R. Co., 119 F. 678, 680 (C. C. A. 7); Stewart Land Co. v. Arthur, 267 F. 184 (C. C. A. 8); Higgins v. California, etc., Grower, 3 F.(2d) 896 (C. C. A. 2). The first judgment obtained becomes res judicata, and may be pleaded in bar in the suit still remaining undecided, though that be the first in which a writ issued, and though in that event the plea in effect takes the case out of the mouth of the first court, quite as much as if the suits were in rem. Therefore, the doctrine must rest upon the formal requisite that jurisdiction in suits in rem depends upon actual possession of the res—or power at any time to assume it—and that a scramble for possession would be an unedifying spectacle.

■ The case at bar does not present that situation. The claimant's proposed action is in personam; no interest in the yacht is at stake. Execution will run against the petitioner's assets generally (N. Y. Civil Practice Act, § 504 (1); indeed against his person (Id. §§ 764(1), 826(2); People ex rel. Harris v. Gill, 85 App. Div. 192, 83 N. Y. S. 135; Id., 176 N. Y. 606, 68 N. E. 1122; Ossmann v. Crowley, 101 App. Div. 597, 92 N. Y. S. 29); if his assets fail (Id. § 766). The statute (U. S. C., tit. 46, § 183, 46 USCA § 183) does no more than fix a limitation upon the amount of the claimant's recovery, and the limitation proceeding authorized by Admiralty Rule 51 (28 USCA § 723) is a means to enforce that limitation. It does not presuppose any pre-existing res of which the court is to take possession; the res is created by the petitioner, certainly when as here he does not surrender the vessel to a trustee for sale, but posts a stipulation for her value. When there are several claimants whose aggregate claims more than equal that value, it is true that at some stage in the litigation a concourse is necessary. It is impossible to allow the value to be determined in each action, for, not only may the amounts be different, so that there will be no common dividend, but each judgment must await collection till all the actions are finally determined, when for the first time the divisor can be ascertained. But this does not make the proceeding one in rem; it still remains only a way of ascertaining the limitation upon the recovery of each claimant, and the stipulation is added mere-

ly as security required as a condition of good faith, lest the result prove abortive. The same is equally true when the vessel is surrendered as security, though it is not necessary to decide that here. While Langnes v. Green, supra, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, did indeed hold that in the final event the District Court should reserve to itself the adjudication of the limitation, this was against the chance that the court which entertained the action should not give it effect. It is still only a means of enforcing the limitation. The fact that the claim as originally made exceeds the value of the yacht is of no consequence; in Langnes v. Green the difference was even greater. When there is but a single possible claim, a contrary result would only remove the cause from the tribunal properly vested with jurisdiction; in short, avoid a jury trial. The statute intended nothing of the sort, and the effort is to be discountenanced.

It follows that the first appeal must succeed and that the injunction should be vacated. The second appeal then becomes moot, since it presupposes the existence of the injunction.

The order concerned in the first appeal is reversed and the injunction vacated.

The appeal from the second order is dismissed.

On Reargument.

PER CURIAM.

■ A question now arises which was not argued before; that is, whether proceedings upon Christie's claim filed in this suit shall be suspended until judgment in any action she may bring against Putnam in the state court. The argument runs that the claim is itself a suit on the liability, quite like a declaration at law; and that, if we really believe, as we said, that the plea of lis alio pendens is not good, it is as little good in Christie's mouth as in Putnam's. A fair rule must work both ways.

This is true, but irrelevant. The situation is not one where two suits have been independently commenced. Christie never sought the District Court; she was forced into it, being not only forbidden to go elsewhere, but told that she must file her claim in season, or get nothing. All this was a strictly defensive maneuver on Putnam's part, for he had no demand, and wished only to make sure of his statutory limitation. Thus the claim was merely a corollary to the injunction, for Christie must have her day in some court, and the injunction closed all others. It

would be a curious irony which, having wrongfully forced her to file the claim, exposed her to the hazard of its earlier determination, on the theory that, as she had chosen two separate tribunals, she ought not to complain because one moved faster than the other.

The District Court will therefore stay all action on the claim filed until termination of any action at law against Putnam in the state court, this without prejudice to an application to vacate the stay for unreasonable delay in bringing suit. By this reservation we do not, however, mean to imply that delay, however long, will be sufficient; that question will be for the District Court.