## THE VERA III.

### In re JAGER.

District Court, E. D. New York.
April 18, 1938.

Percival E. Jackson, of New York City, for the motion.

Macklin, Brown, Lenahan & Speer, of New York City, opposed.

INCH, District Judge.

Leslie E. Jager owned the motorboat Vera III. Apparently it was burned. Jager was not aboard at the time. The moving parties, Mr. and Mrs. Gad, who were injured by the fire, were at the time in possession of the boat. They commenced a suit against Jager in the State Supreme Court alleging that they had been injured through his personal negligence. Jager thereafter filed this petition for limitation of or exoneration from liability and the moving parties, for they are not as yet claimants, ask for a dismissal of this petition or at least a modification of the injunction so as to permit them to continue their State action.

■ It is apparent that this court has jurisdiction over the proceeding but some misunderstanding is evident as to the extent of this jurisdiction and the practice.

■ While this limitation proceeding is pending the jurisdiction of this court is exclusive. Providence & New York S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038.

■ The fact that there is only one claim urged does not prevent the proceeding being maintained. White v. Island Transportation Co., 233 U.S. 346, 34 S.Ct. 589, 58 L.Ed. 993; The George W. Fields, D.C., 237 F. 403.

■ This court could dispose of the entire matter were it not for the fact that the moving parties claim that they have a right to a trial by jury of their alleged cause of action. As to this seeming clash of jurisdiction the law is that this right is preserved to the moving parties provided the co-existing right of petitioner to have a court of admiralty determine his right to limitation is likewise preserved. If the moving parties admit this petitioner's right to limit they can establish the amount of liability in the state court with a jury. If they do not admit such right they must remain in this court where this right of petitioner will be first determined. Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.

■ Two issues are presented in this proceeding. First, this right to limit. Second, the extent of petitioner's liability, if any. The burden of proof is on the petitioner as to his right to limit. It is on the claimants as to petitioner's liability. The S. S. Hewitt, D.C., 284 F. 911.

The practice is fully set forth in Benedict on Admiralty (5th Ed. Vol. 1, Sections 487–489).

■ Inasmuch as the moving parties do not admit this right to limit, their state action must be stayed and a claim and answer by them must be filed herein. The issue will be first tried out before this court on the question of privity and knowledge of petitioner. If such privity and knowledge is found to exist the petition will be dismissed and the plaintiffs can then proceed with their state action. If, however, the right to limit is sustained then the claimants must prove their cause of action in this proceeding and the state action will be perpetually enjoined. There is no use of going into the question as to the power of this court, if disputed, to

adjudicate the amount of liability even if the right to limit is not established.

The right of petitioner therefore to limit cannot be disposed of in the manner here proposed. It must be determined in accordance with the procedure outlined above.

Accordingly, the motions are denied.