In the Matter of the Complaint of PAN-OCEANIC TANKERS CORPORATION, as Owner of the STEAMSHIP PAN-OCEANIC FAITH, for Exoneration from, or Limitation of, Liability.

No. 67 Civ. 4489.

United States District Court,
S. D. New York.

March 8, 1971.

Hill, Betts & Nash, New York City, for plaintiff.

Baker, Nelson, Williams & Mitchell, Schulman, Abarbanel, Perkel & McEvoy, Pressman & Scribner, Marvin Schwartz, Herbert J. DeVarco, New York City, for claimants.

## MEMORANDUM

COOPER, District Judge.

Claimants' motion requests this Court to issue an order directing petitioner to deposit security to insure their potential judgments in the event the petition for exoneration or limitation of liability is defeated.

### $4,500,000 security

■ Claimants' application for the posting of $4,500,000 security is denied. We do not consider the fund provisions of 46 U.S.C. §§ 183, 185[1] as the exclusive device to protect or secure the potential judgments of the claimants. Neither the fundamental purpose of the Limitation of Liability Act, to encourage the development of American merchant shipping by limiting a vessel owner's liability for damages arising from maritime disasters, occasioned without his privity or knowledge, to the value of his investment, British Transport Comm. v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957); Gilmore & Black, Law of Admiralty, § 10–1 (1957), nor the procedure which governs such limitation proceedings by enjoining the prosecution of multiple suits seeking aggregate damages, as exceeding that limited liability, White v. Island Transportation Co., 233 U.S. 346, 351, 34 S.Ct. 589, 58 L.Ed. 993 (1914) would be undermined by the relief claimants request. Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1959). We cannot "transform the Act from a protective instrument to an offensive weapon" (at 152, 77 S.Ct. at 1272). A security deposit would not interfere with petitioner's requested liability determination or the distribution of the Act's fund to the participating claimants.

■ We cannot conclude, as claimants propose, that this Court possesses such a general equitable power as under the circumstances would warrant our requiring the posting of $4,500,000 security.[2] Rule 62, F.R.Civ.P., expressly provides a method for securing satisfaction of an ultimate judgment. There is no showing that petitioner received less than reasonable compensation for the transfer of the S. S. Fair Isle or that the proceeds of such sale are being wasted. Most importantly is counsel's representation that petitioner "is in a business and has no intention of ceasing its operations or business activities." Affidavit of Edward Duggan, February 10, 1971, p. 3.

■ Further, we are constrained to conclude that an order of attachment pursuant to § 6201(4), N.Y.CPLR is not appropriate at this time on the basis of the facts before us which fail to satisfactorily establish the requisite "intent to defraud." 7 A Weinstein, Korn, Miller, New York Civil Practice, ¶ 6201.-11–12 (1970); 11 Carmody Wait 2d, New York Practice, § 76:63 (1966).

However, in denying this aspect of claimants' requests, we wish to make it perfectly clear to all parties and their counsel that the Court, at this time, is unalterably concerned about securing any ultimate damage awards should petitioner be unsuccessful in limiting his liability. Accordingly, our disposition of the instant application must not be construed as precluding consideration and appropriate action if a subsequent application for this same relief demonstrates a new change in the economic or business status of petitioner.

### § 183(b) fund

■ 46 U.S.C. § 183(b) provides that if the owner's interest in the vessel is insufficient to compensate "all losses in full," and the limited amount is "less than $60 per ton of such vessel's tonnage," the amount "shall be increased to an amount equal to $60 per ton. * * *" Unlike Park Victory, 1957 A.M.C. 808 (S.D.N.Y.), the § 185 fund ($100), assuming petitioner is successful

---

1. Apparently the $100 deposit fully represents the value of petitioner's interest in the vessel and her freight on board.

2. Rule F, United States Supreme Court Admiralty Rules, does not extend this court's authority to order such relief.

in establishing limited liability (§ 183 (a)), is grossly insufficient to fully compensate the unliquidated claims for loss of life or bodily injury totaling $28,500,000.[3] Accordingly, under the facts before us [4] we consider it positively appropriate to increase the fund pursuant to § 183(b).

Claimants' motion to require petitioner to post security in the amount of $4,500,000 is denied; petitioner is directed to comply with the increased fund provisions, 46 U.S.C. § 183(b) (c).

So ordered.

---

3. In the *Park Victory*, the court noted that the owner's interest in the vessel was $90,000, and aside from a $25,000 claim, counsel had offered to settle the movants claim for $15,000.

4. But see Gilmore & Black, *supra*, § 10–34, where the authors, although acknowledging ambiguity in the statute, prefer the view of increasing the fund after the questions of liability and damages are resolved. Here, even assuming that petitioner receives the full benefit of § 183 (liability resolved), the extent of the damages is so severe that their resolution would inevitably require the increase of the fund. Additionally, in reaching this disposition, we rely on the serious allegations contained in claimants' affidavit Burton Epstein, January 28, 1971 substantially unrefuted by what we consider a somewhat evasive reply affidavit. Duggan, *supra*.