### THE W. A. SHERMAN.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

#### No. 204.

ADMIRALTY (§ 122*)—COSTS—PROCEEDING FOR LIMITATION OF LIABILITY.

　A petitioner for limitation of liability cannot recover from a claimant costs and expenses incurred in invoking the benefit of the statute where his right to limitation is not contested, but on any contested issue in the proceeding the costs and expenses, including proctor's fees, are taxable to the losing party.

　　[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 800; Dec. Dig. § 122.*]

Appeal from the District Court of the United States for the Southern District of New York.

Peter S. Carter, for appellant.

Frederick N. Esher, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. One Miller brought suit in the Supreme Court of Hudson county, N. J., against the Hudson Towboat Company to recover $5,000 for damages for personal injuries sustained by him while on the barge Dorset in tow of the steam tug W. A. Sherman. Thereupon the Hudson Towboat Company, owner of the steam tug Sherman, filed a petition in the District Court of the United States for the Southern District of New York to limit its liability, in which it also denied liability. The tug was duly appraised at $3,000, and a stipulation for costs and for the appraised value given by the petitioner. Miller appeared in the limited liability proceedings, gave a stipulation for costs, and answered the petition. The proceed-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing involved two issues: First, the petitioner's right to limit; second, the petitioner's liability.

We infer from the decree and from the bill of costs that Miller was the only claimant, and the only contested issue that of liability. Upon the trial the court held that the petitioner was not liable to the claimant, and a decree to that effect, with costs in the amount of $31.90, was entered in its favor. The costs taxed were for fees of witnesses and mileage and clerk's costs at the trial. The petitioner appeals on the ground that it was entitled to a proctor's fee of $20, and for disbursements made in the proceeding to limit its liability, amounting to $268.27.

After a petitioner has surrendered his vessel or given a stipulation for or paid the amount of her appraised value into court, he has no further concern in the proceeding, unless claimants contest his right to limit or he contests his liability. Expenses he has incurred for the purpose of availing himself of the act of Congress he should stand. They are such as cost of filing petition, and stipulations for costs and value, premium, if any, for stipulations, expense of appraisal or of bill of sale transferring the vessel, commissioner's report on appraisal, expert fees, etc. If any issue is contested in the proceeding between the petitioner and the claimants or any claimant, the costs should fall as usual upon the losing party. They are such as witness fees, mileage, deposition fees, proctor's fee. The cost of bringing in the creditors, such as filing, issuing, and publishing the monition, should be paid out of the fund, on the principle that it should administer itself, and this duty to administer itself applies even when, the petitioner being held not liable, there is no other distribution than to return it to him. The result is especially equitable in a case like the present, where there was but one claimant and the petitioner might as well have pleaded his right to limit in the action in the state court. Reference may be had to the cases of The Leonard Richards (D. C.) 41 Fed. 818, 821; The H. F. Dimock, 77 Fed. 226, 237, 23 C. C. A. 123; The Excelsior (D. C.) 136 Fed. 271.

We discover no reason why the petitioner was not allowed a docket fee of $20, but the allowance of costs being a matter of discretion in the court below, the appeal is dismissed, without costs to either party in this court.