THE WM. E. GLADWISH.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 234.

SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—COSTS.

A vessel owner, whose petition for limitation of liability was granted, and who gave a stipulation for release of the vessel, on her exoneration from liability on account of the claim against her, is not entitled to recover the amount paid as premiums on the stipulation.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court for the Southern District of New York disallowing the claim of the petitioner for $360 premiums paid upon the stipulation filed by him. Affirmed.

De Lagnel Berier and James J. Macklin, both of New York City, for appellant.

Norman B. Beecher, Chauncey I. Clark, and Horace L. Cheyney, all of New York City, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The Pennsylvania Railroad Company and the Logan Coal Company asserted a cause of action against the steamtug Gladwish for the loss of a barge and her cargo of coal near Watch Hill, R. I., while in tow of the tug.

The tug denied all liability and also sought to limit her liability. This the District Court permitted her to do and she was surrendered but subsequently gave bonds upon which her owner paid a premium of $90 per year for four years, amounting to $360, and she was released to her owner. The final result of the litigation was a complete exoneration of the Gladwish from blame. The court allowed the Gladwish the full costs of the litigation, but refused to allow the $360 paid by her owner for her release. We think the court was right. The Gladwish, 196 Fed. 491, 116 C. C. A. 185. The limitation of liability was allowed in the interests of the Gladwish. She alone profited by this proceeding which was ex parte. The owners of the barge and her cargo did not contest the right to limit the liability of the tug. It would have been entirely satisfactory to them to have placed her in the hands of a trustee. But her owners evidently thought that they should have the use of the tug during the litigation and so, solely for their benefit, she was released and bonds substituted. The owner has had the use of the tug and probably has made the $360 many times over during the four years of litigation. It does not seem to us that the appellees should pay the expenses incident to a release which was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entirely in the interests of the tug owner and by which, presumably, he profited pecuniarily.

This conclusion is in accord with our decision in the W. A. Sherman, 167 Fed. 976, 93 C. C. A. 228.

The decree is affirmed.