### Petition of STANDARD OIL CO.

(District Court, S. D. New York. June 6, 1922.)

1. **Admiralty ⊕85—Commissioner may not withhold report as security for fees.**
    Under admiralty rule 43 (267 Fed. xvii), assimilating commissioners to masters in chancery, and equity rule 68 (198 Fed. xxxviii, 115 C. C. A. xxxviii), providing that a master shall not retain his report as security for his compensation, a commissioner may not withhold his report to secure his fees.

2. **Shipping ⊕209(1)—Party liable for commissioner's fees.**
    Where, in proceedings to limit liability for collision in which the other vessel alone was injured, petitioner denied any liability, but it was determined by an interlocutory decree that both vessels were in fault, with a reference to find the damages, petitioner *held* chargeable with costs of the reference, including commissioner's fees.

In Admiralty. Proceeding by the Standard Oil Company for limitation of liability. Commissioner's fees on reference held taxable to petitioner.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This case arises upon a petition for the limitation of liability. The Cushing, a steamer owned by the petitioner, collided with the Proteus and sunk her and her cargo. The petition was filed to limit the petitioner's liability and was not contested. The Cushing, however, contested any liability; and an interlocutory decree was entered holding both vessels at fault, and sending the case to a commissioner to find the value of the Proteus and her cargo. The question is: Who shall pay the commissioner's fees?

C. C. Burlingham, of New York City, for the Proteus.
William H. McGrann, of New York City, for the Cushing.

LEARNED HAND, District Judge. [1] The commissioner must file his report without holding it back for his fees. This is indicated by our local rule (admiralty rule No. 26), though not there definitely stated. It follows from Supreme Court admiralty rule No. 43 (267 Fed. xvii), which assimilates commissioners in admiralty to masters in chancery. Supreme Court equity rule No. 68 (198 Fed. xxxviii, 115 C. C. A. xxxviii) requires a master to file his report, and gives him as his only remedy attachment against the party who is ordered to pay his compensation. Therefore neither party is "initially" obliged to pay the commissioner. The court must fix his compensation and decide how it shall be borne.

[2] The remaining question is: Who shall bear the compensation after the report be filed. It is a disbursement falling within the third division mentioned by Benedict (Benedict's Admiralty, § 558), since it arises out of a contentious issue in the limitation proceedings. The costs upon these issues will follow the event, as in the case of an original libel on the instance side. The H. F. Dimock, 77 Fed. 226, 23 C. C. A. 123; The W. A. Sherman, 167 Fed. 976, 93 C. C. A. 228, The Leonard Richards (D. C.) 41 Fed. 818, 821. Had this been such a libel, the costs up to interlocutory decree would have been divided, but the disbursements of the reference would fall upon the party who opposed—i. e., the petitioner at bar. The Doris Eckhoff (D. C.) 41 Fed. 156, 159; The Merrill C. Hart, memorandum unreported of Judge Holt, affirmed 188 Fed. 49, 110 C. C. A. 187; Benedict, op. cit. § 491.

The only method by which the petitioner could avoid the costs of liquidating the claimant's damages is under local admiralty rule No. 24. If he files a tender, the claimant takes the risk of proving more. Without a tender the disbursements are a necessary expense of proving the claimant's damages, which he must do before any final decree can be entered. Should both vessels be injured and proof be necessary to liquidate the damages of each, it would appear that each may tax so much of the disbursements as the liquidation of his damages occasions, but that is not this case.

The petitioner will pay the commissioner's fees when fixed, after his report be filed.