## THE STEEL INVENTOR.

### Petition of UNITED STATES STEEL PRODUCTS CO.

District Court, S. D. New York. September 27, 1929.

400

See, also, 16 F. (2d) 306.

Haight, Smith, Griffin & Deming, of New York City (John W. Griffin, of New York City, of counsel), for petitioner.

Charles H. Tuttle, U. S. Atty., and Horace M. Gray, Sp. Asst. U. S. Atty., both of New York City, for petitioner.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Wm. H. McGrann, of New York City, of counsel), for claimant.

COXE, District Judge. ■ The Steel Inventor ended her voyage at Balboa on February 27, 1921, and was valued by the commissioner for limitation purposes at $422,235, being at the rate of $45 for 9,383 dead weight tons. This valuation was arrived at on conflicting evidence, and is amply supported by the testimony. I find no error in the method of valuation adopted by the commissioner, as clearly the world market for merchant vessels of the type of the Steel Inventor had a very great effect on values of American tonnage during the latter part of 1921. There was little demand for either American or foreign merchant vessels at that time, and I do not believe it would have been possible to place a fair value on the Steel Inventor for the period in question without taking into consideration the world market as reflected by actual sales of similar vessels made at or about that time. I think, too, the Commissioner was right in disregarding book value and reconstruction cost, even though it appeared that the Steel Inventor had been delivered only about four months previously at a cost of $1,272,587.59. The case of Standard Oil Company v. Southern Pacific Company, 268 U. S. 146, 45 S. Ct. 465, 69 L. Ed. 890, cited by the government, holds only that the cost of reconstruction is some evidence which may properly be considered on the question of value. This case, however, does not go so far as to hold that reconstruction cost is the only, or even the determining, criterion of value; and where, as in a case of this kind, it is established that reconstruction cost is out of all proportion to market value, it is quite proper to disregard such evidence entirely. The exceptions by the government to the finding on the sound value of the Steel Inventor are therefore overruled.

■ The commissioner refused to allow as deductions from sound value of the Steel Inventor three items shown in the stipulation marked "Petitioner's Exhibit 6," namely:

Insurance ....................................... $5,143 73
General Overhead ............................ 1,503 19
Routine repairs ............................... 435 00
                                                   _____
                                                   $7,081 92

These same items were also disallowed as items of damage to the Steel Inventor, as found in article II of the commissioner's report.

The disallowance of these items was proper under the authorities cited by the commissioner, and the petitioner's exceptions with respect to them are therefore overruled.

■ I think, too, that the commissioner was right in refusing to apportion the freight of the Steel Inventor, inasmuch as the freight was "completely earned and payable on receipt of the goods by the ship owner," as provided in the bills of lading. It is clear, also, that the deductions claimed by the petitioner against the total gross freight were properly disallowed. The Main v. Williams, 152 U. S. 122, 14 S. Ct. 486, 38 L. Ed. 381; Pacific Coast Company v. Reynolds (C. C. A.) 114 F. 877, certiorari denied, 187 U. S. 640, 23 S. Ct. 841, 47 L. Ed. 345; The Jane Grey (D. C.) 99 F. 582. The petitioner's exceptions with respect to the freight are therefore overruled.

■ The remaining exceptions relate to the disallowance of claims made by the government for reimbursement (1) for amounts paid

to replace personal effects of officers and seamen of the Woolsey; and (2) for amounts paid to beneficiaries of deceased seamen under the World War Veterans' Act. I agree with the commissioner that these payments are not proper items of damage, and are not recoverable. Admiralty Commissioners v. The S. S. Amerika, L. R. App. Cas. (1917) 38; The Federal No. 2 (C. C. A.) 21 F.(2d) 313. The government is not entitled to be subrogated for the amounts paid to the beneficiaries of deceased seamen. Gould v. Chicago, B. & Q. R. Co., 315 Mo. 713, 290 S. W. 135. The "World War Veterans' Act, 1924" (43 Stat. 607; USCA, title 38, c. 10 [section 421 et seq.]) does not mention subrogation. It provides, however, that the director may, "as a condition to payment of compensation," require an assignment of "any right of action" held by the beneficiary, or "may require him to prosecute the said action in his own name." USCA, title 38, § 502. In none of the claims involved in this proceeding, with the exception of the Nowadsky claim, was any assignment made "as a condition to the payment of compensation," or any request made "to prosecute the said action" in the name of the beneficiary. I am clear, therefore, that the government was not subrogated to the rights of the different beneficiaries. With respect to the Nowadsky claim, I agree with the commissioner that the assignment to the government by Herman Nowadsky as administrator, under date of May 11, 1928, was ineffective, as the administrator had no assignable claim, and, in any event, the claim was at that time barred by limitation.

■ The question of interest on the limitation value of the Steel Inventor and her pending freight has been argued at length, and I can see no warrant for the disallowance of interest. In cases of this kind it is inevitable that there should be delay in the course of the proceedings, and I find it difficult to apportion the blame in this case in such a way as to penalize any of the parties. I think, too, that, inasmuch as the petitioner had the use of the vessel during the entire period of the litigation, it is only fair that it should pay full interest on the limitation fund. With respect to costs, I think the case should follow the course indicated by Judge Ward in The W. A. Sherman (C. C. A.) 167 F. 976. See, also, Boston Marine Insurance Company v. Metropolitan Redwood Lumber Co. (C. C. A.) 197 F. 703, 714. The commissioner's charges are most moderate, and should be paid by the petitioner as an expense of the appraisal.