**THE RUSSELL NO. 5.**

No. 15371.

District Court, E. D. New York.
April 11, 1940.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for petitioners.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for Kenny Scow Corporation.

Harry A. Yerkes, Jr., of Lynbrook, N. Y., special Commissioner.

GALSTON, District Judge.

Petitioners and claimant both filed exceptions to the report of the commissioner. The commissioner recommends an award in the sum of $7,027.22 to the owners of the scow Sunshine, damaged as the result of the negligence of the petitioner on or about November 13, 1937. The main exceptions have to do with the value of the Sunshine before the stranding. On the one hand the petitioners contend that the fair market value of the scow was $3,500, whereas the claimant contends that its fair value was $10,944.

The petitioners rely on evidence of admissions found in the New York transfer tax return of the executors of William A. Kenny, a former owner of the scow, and in the transfer by his widow and other heirs to the claimant, together with evidence of sales of comparable scows in the open market.

On the other hand the claimant, through its witness Demars, urged the adoption of reproduction cost of $23,000 with annual depreciation of five per cent taken progressively, plus fifty per cent of the amounts of repair bills aggregating almost $10,000.

Quite properly the commissioner declined to follow the valuations found in the transfer tax proceedings and in the balance sheets of the Kenny Scow Corporation. Such figures are not realistic for unfortunately it must be generally recognized that a valuation for tax purposes is motivated by quite a different rationale than that which governs a market appraisal of the thing damaged. The Steel Inventor; D.C., 36 F.2d 399; Almirante-Hisko [1]; Josie-Virginia and Joan [1]; Manhattan-Bessemer [1].

On the other hand while it is true that reproduction cost with depreciation is a factor which must be considered, it is not under the authorities the sole de-

[1] No opinion for publication.

terminant. I see no reason to disturb the finding of the commissioner that over the period of fifteen years the replacements in the main were nothing more than the usual and ordinary up-keep which would be absorbed in the depreciation formula.

Generally speaking, other factors to be considered are the sales of comparable vessels at or about the time of the collision. The commissioner has made a very careful analysis of the sales relied upon by the petitioner. The closest as affording a basis of comparison are the sales of the scows Bartley Boys and Rose B in 1936, each for $3,500, on which the purchasers made repairs on each boat at a cost of $2,750, bringing the total cost of each boat to $6,250. The scow Wilson, in some respects similar to the Sunshine, was sold in 1936 for $4,250. A somewhat longer boat and narrower, the Beacon, was sold for $4,500 in January 1937. The petitioner also introduced evidence of fleet sales of the six Bartley scows in 1938 and nine Schoonmaker scows in 1938. Evidence of group sales is, of course, not an accurate measure of the sale price of a single vessel.

The commissioner reports that he was not satisfied that the evidence offered by the petitioner as to these sales of deck scows established a market value for the Sunshine in or about December 1937. The 1936 sales were at least a year prior, and that of the Beacon eleven months earlier. There is no other 1937 sale reported. The 1938 sales involve the two fleet sales, to which reference has been made, and the sales of two Seaboard scows in March 1938 for the sum of $10,000 each. These boats were at the time only nine years old.

It does not appear whether the market in 1937 differed from the 1936 and 1938 markets, so the commissioner was doubtless referring to the weight of the evidence in respect to the condition of the scows and to their general comparability with the Sunshine.

It must be observed that no straight line formula is available. The best that can be expected is an approximation based on all the evidence in the case, for as was said in Standard Oil Co. v. Southern Pacific Co., 268 U.S. 146, 45 S. Ct. 465, 467, 69 L.Ed. 890, "It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts."

The commissioner substantially conformed to that admonition.

All exceptions will be overruled and the report confirmed. Settle order.