## THE WEST POINT.

### Nos. 7023, 7024.

United States District Court
E. D. Virginia. Norfolk Division.
March 15, 1949.

See also 71 F.Supp. 206.

W. E. Kyle (Venable, Parsons, Kyle & Parsons), of Norfolk, Va., for Alexander.

R. Arthur Jett and Henry E. Howell, Jr., both of Norfolk, Va., for Tinsley.

John W. Oast, Jr., and Edward L. Ryan, Jr. (White, Ryan & Holland), both of Norfolk, Va., for the West Point.

John T. Casey, Department of Justice, of Washington, D. C. (Geo. R. Hennrickhouse, U. S. Atty., of Richmond, Va., and John P. Harper, Asst. U. S. Atty., of Norfolk, Va., for the United States.

BRYAN, District Judge.

Having pleaded the limitation of liability allowed by statute to shipowners, the United States contends that its full responsibility here is the single value of its vessel, Navy Launch No. 16050 (agreed at $12,000) against the aggregate amount of the two decrees of contribution awarded in these two cases against the United States in favor of the owners of the ferryboat West Point. In the Tinsley case the contribution decree was for one-half of $47,500, and in the Alexander case for one-half of $10,000. Thus the United States says its total liability is $12,000. But the claimants of the West Point assert that the United States must pay $12,000 on the Tinsley decree and $5,000 in the Alexander case, a total of $17,000.

The Court agrees with the latter view.

These were commenced as separate suits against the West Point and her owners, as well as the United States, but one of the co-owners and the United States were later dropped as not suable by the original libelants. Whereupon the United States was impleaded for contribution in each cause by the West Point's claimants. The United States denied liability for contribution and seasonably set up in its answer the defense of limitation of liability under the statute. R.S. 4283, 46 U.S.C.A. § 183.

Decrees went for the libelants for their personal injuries, sustained in a collision between the West Point and the launch, against the West Point and one of her co-owners for the amounts mentioned, and for the owners of the West Point against the United States, for one-half of such monetary decrees by way of contribution. No petition by the United States for limitation of liability was ever filed, and the two causes were consolidated and heard together.

Undoubtedly limitation of liability may be pleaded by answer alone. Moreover, when the limitation is interposed by answer, the personal liability on the claim thus answered cannot exceed the value of the respondent's interest in the vessel. But if there is more than one claim, then the defendant-owner can confine his aggregate liability on all the claims to the single value of the vessel, or his interest therein, only by the petition prescribed by the statute. R.S. 4285, 46 U.S. C.A. § 185. If he does not follow the procedural steps of the statute, but uses the answer to raise such defense, the owner may be held personally liable on each claim to the extent of the value of his ship, or his interest in her.

Nor is this conclusion altered by consolidation of the causes here, nor by the happenstance that both causes are already in an admiralty court, indeed in the same court. The statutory concourse of claims can be attained only when the owner takes "appropriate proceedings," R.S. 4284, 46 U.S.C.A. § 184, and these are the petition and other steps enumerated in section 185, title 46 United States Code Annotated, as amended. It is too late now for the United States to follow that procedure. 3 Benedict on Admiralty, 6th Ed., p. 465. Furthermore, consolidation is merely a course of convenience; it can never increase or diminish substantive rights. We cannot give the answers of the United States the effect of a petition under section 185, supra, on the ground that the precepts of that statute are superseded by the double coincidence of the pendency of both causes in the same forum as well as in the same court.