**AMERICAN TOBACCO CO. et al.**
**v.**
**THE KATINGO HADJIPATERA et al.**
**No. 210, Docket No. 22970.**

United States Court of Appeals
Second Circuit.
Argued March 4, 1954.
Decided April 9, 1954.

 

McNutt & Nash, New York City, for petitioners-appellants, James E. Freehill, New York City, of counsel.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CHASE, Chief Judge.

The sole question now raised is whether the amount of the annual premiums paid by the shipowners on a stipulation for value in a limitation proceeding may be taxed as costs against unsuccessful claimants in the proceeding. They were held not taxable and the shipowners have appealed from that order.

Cargo on the appellants' S. S. Katingo Hadjipatera having been damaged on a voyage of that ship from Greece to the United States, cargo owners brought seven suits against the ship, which was attached in at least one suit, its owners, and its charterer. By appropriate pleadings issues were joined which included the causes of action alleged in the suits and the right of the shipowners to contributions in general average and the rights of the owners and the charterer in respect to indemnity from the owners should either be held liable to cargo. The owners also filed a petition for exoneration or limitation. There was a consolidated trial which resulted in limitation of the liability as to all cargo claimants [1] and exoneration as to seventeen, the charterer being held primarily, and the shipowners secondarily, liable to the successful claimants. American Tobacco Co. v. Katingo Hadjipatera, D.C., 81 F.Supp. 438. On appeal this decree was modified to limit exoneration to sixteen claimants and as modified was affirmed. 2 Cir., 194 F.2d 449.

Before the vessel was attached, as above noted, a notice of the requisition, not of the title, but of the possession and use of the vessel by the Greek Government had been received by its captain but it was to become effective only after the ship had discharged cargo at New York. As no possession of the vessel was taken under the requisition until aft-

1. There were thirty of them.

er it had been attached in the above mentioned suit, a suggestion of sovereign immunity made in behalf of the Greek Government was overruled. The Katingo Hadjipatera, D.C., 40 F.Supp. 546; affirmed, 2 Cir., 119 F.2d 1022.

What has been outlined shows sufficiently for present purposes the situation of the ship and the parties to the litigation when the shipowners filed their petition for limitation and filed the stipulation for value on which they paid the premiums here involved.

The district judge felt that our decision in Martin Marine Transportation Co. Inc. v. Jakobson & Peterson, Inc., 2 Cir., 135 F.2d 325, required the disallowance of these premiums as taxable costs and we agree.

■ As pointed out in the opinion in that case we followed our previous decision in The W. A. Sherman, 2 Cir., 167 F. 976, to the effect that a petitioner for limitation must bear what expenses he incurs in taking advantage of his right under the law to petition for limitation or exoneration. That is, the cost of initiating such proceedings are for his own account, though costs which are incident to a contest over his right to limitation are taxable in the usual way. The Wm. E. Gladwish, 2 Cir., 215 F. 900, is to the same effect. The appellant seeks to distinguish the Martin Marine case, supra, by pointing out that it was a single claim proceeding and that in such a situation a petition for limitation, though permissible, is, as was said in Algoma Central & H. B. R. Co. v. Great Lakes Transit Corp., 2 Cir., 86 F.2d 708, 710, but "an alternative to a plea in bar to the claimant's action" while where "there are more claims than one, a concourse is the only way to secure the owner's immunity, except at the greatest inconvenience and expense, if even these would avail." See also, The West Point, D.C.E.D.Va., 83 F. Supp. 680.

There is, indeed, this difference between a multiple-claim and a single-claim situation. As a practical matter the choice to defend in multiple-claim situations by means of a petition for exoneration or limitation may be the only sensible one, but so doing is an exercise of the same right in each instance and the same reasons why the starting cost of the proceeding for exoneration or limitation should be borne by the petitioner in the one instance apply to the same effect in the other. In C. J. Dick Towing Company, v. The Leo, 5 Cir., 202 F.2d 850, 856, which was a multiple-claim proceeding, it was held, as in the Martin Marine case, that "the expenses of initiating the limitation proceeding must be borne by its petitioner, * * *."

■ To secure the benefits of the statute the petitioner must comply with the statutory conditions upon the right to bring about a concourse. A basic condition is compliance with § 185 of Title 46 U.S.C.A. to make sure that if liability is limited that to which it is limited by § 183 of the same title will be available for allocation among the claimants whose claims are proved. Since in this instance the claims were all for cargo damage, subsection (b) of § 183 did not apply and limitation if granted, would fix liability at an over-all amount not in excess of "the amount or value of the interest of such owner in such vessel, and her freight then pending." § 183(a). Section 185 allows a petitioner to make this amount available either by depositing "with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor * * *." By so doing, of course, the petitioner retains his interest in the ship and pending freight for his own benefit. But if he prefers to relinquish such interest he may transfer it "for the benefit of claimants, to a trustee to be appointed by the court * * *", and thereby relieve himself of the necessity of depositing cash or giving security. If he elects to avoid a surrender and to have the benefit of the retention of his interest in the vessel and freight pending he must pay the price of that by depositing cash or giving security at his own expense.

In the Stifinder, 2 Cir., 275 F. 271, a distinction was made between a proceeding in which the petitioner's right to limit was contested and those in which the contests have been confined to liability, and the Sherman and Gladish cases were distinguished on that ground. Although the Stifinder was not mentioned in the opinion in Martin Marine Transp. Co. Inc. v. Jakobson & Peterson, Inc., supra [135 F.2d 328], on which we now principally rely, it was there expressly held that the initial expenses of the proceeding must be paid by the petitioner, "whether or not the claimant contests his right to limit, and even though the petitioner wins when the claimant has done so." We now adhere to that and The Stifinder should be treated as overruled to the extent it then was *sub silentio*.

Moreover what was there said as to the non-effect of Admiralty Rule 7, 28 U.S. C. and of the 1936 amendment to § 185 of Title 46 U.S.C.A. upon the result applies equally here.

Order affirmed.