Sally BLUNK, a minor, et al., Plaintiffs,

v.

**WILSON LINE OF WASHINGTON, INC., Defendant.**

**Nos. C71–382 to C71–421.**

United States District Court,
N. D. Ohio, E. D.

April 27, 1972.

Lawrence S. Levy, Cleveland, Ohio, for plaintiffs.

Roman T. Keenen, Cleveland, Ohio, for defendant.

MEMORANDUM

BEN C. GREEN, District Judge:

The minor plaintiffs in these actions (school children from North Royalton, Ohio) and their chaperones were on board the M/V George Washington on April 23, 1970, when it ran aground in a fog bank on the Potomac River at approximately midnight. The children and chaperones remained on board, along with approximately 400 other passengers, until 8:15 the next morning.

On April 22, 1971, 40 separate complaints were filed seeking recovery for physical and psychic injuries, and claims derivative therefrom on behalf of the parents of certain of the minor plaintiffs, alleged to have arisen as a result of the grounding. On October 6, 1971, this Court granted a motion to consolidate the said actions.

Defendant, owner of the vessel, thereafter filed a single answer to all complaints. In that answer defendant set up two defenses, the second of which raised the limitation of liability provisions of 46 U.S.C. §§ 183–189.

Plaintiffs have moved to strike this second defense. The substance of the motion by plaintiffs is based on the argument that a consolidation of claims is for economy and convenience of administration only and cannot change the substantive rights of the parties. Plaintiffs contend that defendant may set up one limitation amount for all plaintiffs only by petition to the court pursuant to 46 U.S.C. § 185 within six months of notice of claim, and not by a single answer to multiple complaints. It is the plaintiffs' position that defendant may only limit liability at this time as to each claim individually, and that such an assertion of the right of limited liability must be by a separate answer to each complaint.

Defendant, while admitting that consolidation should not affect substantive rights, maintains that under proper interpretation and application of 46 U.S.C. § 183 it is entitled to limitation of liability as against all the claims arising from the single occurrence beyond the six-month period proscribed by 46 U.S.C. § 185. On that basis, it is argued that the assertion of such right in a single pleading is procedurally appropriate when all claimants are before the court in a consolidated proceeding.

The controversy between the parties revolves around the interpretation of two sections of the Limitation of Liability Act, contained in Title 46 of the United States Code. These two sections provide, in pertinent part:

§ 183 . . .

(b) In the case of any seagoing vessel, if the amount of the owner's liability . . . is insufficient to pay all losses in full, and the portion of such amount applicable to the payment of losses in respect of loss of life or bodily injury is less than $60 per ton of such vessel's tonnage, such portion shall be increased to an amount equal to $60 per ton, to be available only for the payment of losses in respect of loss of life or bodily injury. If such portion so increased is insufficient to pay such losses in full, they shall be paid therefrom in proportion to their respective amounts.

\* \* \* \* \* \*

§ 185.

The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court . . . for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight . . . and in addition such sums . . . as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee . . ., together with such sums . . . as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

As previously indicated herein, plaintiffs contend that Section 185 is the only method of asserting one limitation amount for all claims arising from a single occurrence, and that the defendant, not having availed itself of that right, is

estopped from raising limitation of liability, other than as to each claim individually under Section 183.

There is both a substantive and procedural question which this Court must answer in order to properly rule on the motion now under consideration. The substantive question is whether limitation of liability is to be applied separately to each of several claimants, or whether it is applied as one amount for all claimants to share pro rata, if necessary. The procedural question is whether a single answer to multiple complaints can successfully raise the defense of limitation of liability.

Plaintiffs urge this Court to follow the decision in The West Point, 83 F. Supp. 680 (E.D.Va., 1946), which held that an answer to multiple complaints limits the liability of the owner only to each individual claim. The substance of the *West Point* decision is contained in two short paragraphs and gives no case citations for authority. The entire decision is based on that court's own interpretation of the Limitation of Liability Act, but gives no reasoning as to how the conclusions were reached.

While the Court has reviewed a number of decisions which consider issues peripheral to the substantive question posed herein, it appears from the briefs and the Court's research, that the decision in the *West Point* is the only holding squarely in point.[1] Consequently, the Court has endeavored to make a critical examination of the Limitation of Liability Act in order to determine whether to adopt the rationale of the *West Point*.

Congress originally enacted the Limitation of Liability Act in 1851, (9 Stat. of L. 635), with the purpose of encouraging investments in American shipping, 23 Cong.Globe 331–332, 713–720, 776–777, 31st Cong., 2nd Sess. (1851). In 1873 the original Act was recodified in the Revised Statutes. In that recodification the section responsive to present Section 183 was enacted as R.S. § 4283(a) and the section responsive to Section 185 was enacted as R.S. § 4285.

In 1882 the Supreme Court was called upon to decide whether in order to invoke limitation of liability against multiple claims a vessel owner was required to proceed under R.S. § 4285 or whether answers to the multiple claims were sufficient. The Supreme Court held that the provisions of R.S. § 4285 were but one mode of securing the relief afforded under R.S. § 4283 for limitation of liability, and that by pleading in answer the ship owner secured the full protection of limitation of liability against all claims. It was stated that:

[the Act] contains two distinct and independent provisions on the subject [of limitation]. One is, that the shipowners shall be liable only to the value of the ship and freight [now 46 U.S. C. § 183]; the other is, that they may be discharged altogether by surrendering the ship and freight [now 46 U.S. C. § 185]. If they failed to avail themselves of the latter, they are still entitled to the benefit of the former kind of relief. The Scotland, 105 U.S. 24, 34, 26 L.Ed. 1001 (1882).

The question now presenting itself is whether the rule promulgated in the

---

1. *The West Point, supra*, was cited with apparent aproval in American Tobacco Co. v. The Katingo Hadjipatera, 211 F.2d 666 (CA 2, 1954), cert. den. 348 U.S. 828, 75 S.Ct. 48, 99 L.Ed. 653 (1956). However, close examination of that decision discloses that it is not directly in point and that it does not embrace the rule of the *West Point*. While the court in *American Tobacco* speaks of a concourse of claimants as the only way a vessel owner may secure immunity, the immunity referred to is from defending multiple claims in different courts. Although stating that "as a practical matter the choice to defend in multiple-claim situations by means of a petition for exoneration or limitation may be the only sensible one", the court recognized that 46 U.S.C. § 185 is an extension of 46 U.S.C. § 183. id, p. 668. There is nothing in the opinion which would indicate that the substantive rights accorded a vessel owner differ whether he chooses to proceed under Section 185 or Section 183.

*Scotland* was altered by amendments to the Limitation of Liability Act in 1935 and 1936, which produced the present Sections 183 and 185.

There is no suggestion in the legislative history of the amendments that the original purpose of the Act, to encourage investments in American shipping, was changed thereby. Subsequent decisions have held that the original purpose of the law remains. See Standard Wholesale Phosphate v. Travelers Ins. Co., 107 F.2d 373 (CA 4, 1939); In re Moore, 278 F.Supp. 260 (E.D.Mich., 1968).

Section 183 reached its present form through amendments in both 1935 and 1936. It has been stated by a leading authority that in neither year was there a substantive change made. 3 Benedict on Admiralty 315 (6th Ed., 1940).

In 1935, in response to public outcry over two maritime disasters resulting in multimillion-dollar claims for loss of life against which shipping lines claimed limitation of liability of no more than $20,000, Springer, Amendments to the Federal Law Limiting the Liability of Shipowners, 11 St. John's L.Rev. 14, 24 (1936), Section 183(b) of the Act was enacted providing that:

> . . . the *total* liability of the owner . . . for the *entire* loss of life or personal injuries . . . shall be in an amount not less than an amount equal to $60 for each ton of the tonnage of such vessel . . . (Emphasis added.)

■ Section 183(b) was again amended in 1936. The major change in the statute was the addition of the proviso for pro rata sharing. The language of the 1935 statute pertaining to "total liability of the owner" and "entire loss of life or personal injuries" was amended to its present form of "all losses in full" and "losses in respect of loss of life or bodily injury". There is no legislative history which would indicate that such change in phraseology was intended to work a change in the meaning of the statute, and it has been said that the 1936 amendment did not change the sub-

stance of the 1935 provision. 3 Benedict on Admiralty 316 (6th Ed., 1940). The intent underlying Section 183(b) as amended is to provide protection for human life at sea while still affording the vessel owner limited liability. Report of Chairman of Merchant Marine Committee to the House of Representatives, No. 2517, 74th Cong., 2nd Sess. (1936); H. R. Rep. No. 4550, 74th Cong., 1st Sess., Vol. 13 at 14329 (1935).

Prior to 1936, it was deemed a sufficient compliance with R.S. § 4285 to petition the court for limitation at any time up to, and including, entry of judgment on claims against the owner. The Benefactor, 103 U.S. 239, 26 L.Ed. 351 (1880). The 1936 amendment, which produced present Section 185, changed such procedure. Thereunder, the ship owner was limited to a period of six months after notice of claim to file his petition.

The 1936 amendment changed the statutory language in another material respect. Section 4283 of the Revised Statutes was, for the first time, specifically referred to in Section 4285, wherein it was stated that the option granted the owner to make a deposit with the court or to surrender his interest to a trustee was to be administered "as necessary to carry out the provisions of section 4283, as amended". In the Court's opinion, such amendment incorporates into the statute the philosophy of the decision in *The Scotland, supra,* which read Section 4283 into Section 4285.

Since the 1936 amendment, the courts have repeatedly held that this section does not affect the right of an owner to raise limitation of liability under Section 183 as a defense in a pleading. Deep Sea Tankers, Ltd. v. The Long Branch, 258 F.2d 757 (CA 2, 1958), cert. den., 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed. 2d 305 (1959); The Chickie, 141 F.2d 80 (CA 3, 1941); Odegard v. E. Quist, Inc., 199 F.Supp. 449, 451 (E.D.N.Y., 1961) ("Such a defense in an answer is deemed to be governed by 46 U.S.C.A. § 183(a) which contains no time limitation."). See also 3 Benedict on Admiralty 464 (6th Ed., 1940). While many

of the foregoing cases involved multiple claims, the issue under consideration herein (whether the limitation of liability reached the claims in the aggregate or merely individually) was not posed therein and, therefore, was not ruled on by the courts. It appears that it was assumed that the defense applied to all claims asserted.

As to the question of whether the defense of limitation of liability, when raised under 46 U.S.C. § 183, reaches all claims in the aggregate or merely individually, it is quite clear from the face of the 1935 amendment that Congress intended all claims ("total liability") to be aggregated ("entire loss") for limitation of liability thereunder. The fact that these two phrases were not carried forward to the present Section 183(b) does not change the meaning of the statute. The 1935 amendments were hastily enacted in the closing moments of the Congressional session, and, after further hearings, were re-phrased for purposes of clarification of the Act. 3 Benedict on Admiralty 316 (6th Ed., 1940). In the Court's opinion the use of the plural forms in present Section 183(b) of "all losses" and "losses in respect of loss of life or bodily injury" is the substantial equivalent of the language of the 1935 Act.

This Court's view that the amendments resulting in the present Sections 183 and 185 did not alter the basic scope of the Limitation of Liability Act since the enactment of the original limitation legislation is buttressed by the Supreme Court's commentary thereon. In Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957) the Supreme Court reaffirmed the finding of Justice Van Devanter in White v. Island Transp. Co., 233 U.S. 346, 351, 34 S.Ct. 589, 58 L.Ed. 993 (1914), concerning the Limitation of Liability Act, that:

> The succeeding sections [184 et seq.] are in the nature of an appendix and relate to the proceedings by which the first [§ 183] is to be made effective. Therefore, they should be so construed as to bring them into correspondence with it. 354 U.S. 147, 151, 77 S.Ct. 1269, 1271.

There is a striking similarity between that approach and *The Scotland*'s approach to the Act—that the "primary enactment" is contained in R.S. § 4283 [46 U.S.C. § 183], and the succeeding sections are "modes for carrying out this law." The Scotland, 105 U.S. 24, 34, 26 L.Ed. 1001 (1882). By reaffirming the language of Justice Van Devanter in 1957, the Supreme Court indicated that the 1935 and 1936 amendments did not affect the relationship the various sections of the Act bear to each other.

■ It is the opinion of this Court that the amendments to present Sections 183(b) and 185 of the Limitation of Liability Act did not change the rule of *The Scotland*. That is, the Act still contains two distinct provisions for limitation of liability. One is contained in Section 183 and deals with the limitation amount, while the other is contained in Section 185 and deals with the method by which a ship owner may petition a court for a limitation proceeding, thus halting any proceedings on claims asserted against it. Waiver of the right to petition for a limitation proceeding does not waive the right of a ship owner to raise Section 183 in an answer to a pleading and thereby avail himself of the full protection of the Limitation of Liability Act.

> It is obvious that in a case, like the present, where all parties injured are represented . . ., an answer setting up the defense of limited [liability], is fully adequate to give the ship-owners all the protection which they need. The Scotland, 105 U.S. 24, 34, 26 L. Ed. 1001 (1882).

This view if further substantiated by decisions stating that Section 185 is merely a procedural device for marshalling all of the claims against a ship owner into one proceeding. Petition of Canada S.S. Lines, 93 F.Supp. 549 (N.D. Ohio, 1950); The Four Sisters, 75 F. Supp. 399 (D.C.Mass., 1947).

■ It therefore follows that the defendant herein is entitled to maintain a

single fund for limitations of liability as to all the claims asserted against it in these actions. In reaching this conclusion, this Court must necessarily reject the holding of *The West Point* as inconsistent with this Court's interpretation of the relevant portions of the Limitation of Liability Act.

The remaining question is whether defendant may assert its aggregate defense of limitation of liability by a single answer.

As plaintiffs concede, the purpose of an order of consolidation is to allow economy and convenience of administration. While it might have been better practice for defendant to enter an answer to each complaint, the Court sees no prejudice in permitting the single answer to stand, in that the same defenses are pertinent in each case and defendant is entitled to assert one limitation fund as to the claims of all plaintiffs.

Plaintiffs' motion to strike defendant's second defense will be denied. The determination on this procedural issue implies no views as to the substantive questions arising under the claim of limitation of liability, which must await future determination herein.