**In the Matter of The Complaint of CARIBBEAN SEA TRANSPORT, LTD., as Owner, and Alfa Line Ltd., as Charterer, of M/S ANTILLE SUN, for Exoneration from or Limitation of Liability.**

**CARIBBEAN SEA TRANSPORT, LTD., and Alfa Lines, Ltd., Petitioners-Appellants,**

**v.**

**Francisco RUSSO, et al., Claimants-Appellees.**

No. 83–5806.

United States Court of Appeals, Eleventh Circuit.

Feb. 19, 1985.

Michael T. Moore, Holland & Knight, William F. Hamilton, Miami, Fla., for petitioners-appellants.

Arthur Roth, Miami, Fla., for Russo.

William C. Norwood, Miami, Fla., for Naviera.

## ON PETITION FOR REHEARING

(Opinion December 13, 1984, 11 Cir.1984, 748 F.2d 622.)

Before GODBOLD, Chief Judge, HILL, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

Appellants Caribbean Sea Transport, Ltd. and Alfa Lines Ltd. petition for rehearing as to the portion of the panel's decision requiring the posting of $82,000 as security pursuant to 46 U.S.C. § 183(a), contending that they should have been required to post only $74,558.71 pursuant to that section. From the record of the case on appeal we are unable to make that determination. Therefore, in response to this petition, we amend the panel opinion as follows.

■■■■ The following language is deleted from page 1123 of the slip opinion, and from page 626 of 748 F.2d:

If cargo is not delivered it is not earned and does not constitute "pending freight." *Pacific Coast Co. v. Reynolds,* 114 F. 877, 881–82 (9th Cir.), *cert. denied,* 187 U.S. 640, 23 S.Ct. 841, 47 L.Ed. 345 (1902).

The following is substituted for the deleted language:

Freight is generally not "earned," and thus is not "pending," until the cargo is carried to and delivered at the place of destination. *Pacific Coast Co. v. Reynolds,* 114 F. 877, 881–82 (9th Cir.), *cert. denied,* 187 U.S. 640, 23 S.Ct. 841, 47 L.Ed. 345 (1902); *see* G. Gilmore & C. Black, Jr., *The Law of Admiralty* § 10–32 (2d Ed.1975). However, pending freight includes "prepaid freight which under the terms of [the shipowner's] agreement with his shippers is not to be returned in case the voyage is not completed." 3 *Benedict on Admiralty* § 65

(7th Ed.1983); *see In re LaBourgogne,* 210 U.S. 95, 136, 28 S.Ct. 664, 679, 52 L.Ed. 973 (1908).

■■■ On page 1124 of the slip opinion, on page 627 of 748 F.2d, the following language shall be deleted:

Once the round trip is determined to be "the voyage," the parties are not in dispute as to the calculation of the "pending freight." This is easily determined from the ship's cargo manifests, which recorded the amount of freight earned on the voyage by deliveries prior to the collision. Thus, we affirm the portion of the district court's order requiring the posting of $82,000 as security pursuant to section 183(a).[3] This amount plus 6% interest running from July 27, 1982 (the date this limitation proceeding was commenced), must be immediately posted to enable appellant to continue these limitation proceedings.

Substituted in its place should be the following:

The cargo manifests of the ANTILLES indicate that the appellant earned freight on the voyage in the amount of $74,-558.71 by the completed delivery of cargo prior to the collision. This is pending freight that must be posted as security pursuant to section 183(a). However, it appears that when the ship sank it still contained cargo which was to have been delivered to Antigua, for which freight was prepaid in the amount of $7,900. The record on appeal does not indicate whether the shipping agreement underlying this carriage of goods permits the shipper to recover the amount of prepaid freight in the event the goods are not delivered because the voyage cannot be completed. Therefore, we affirm the district court's order as far as it requires the posting of $74,558.71 as security pursuant to section 183(a).[3] This amount, plus 6% interest running from July 27, 1982 (the date this limitation proceeding was commenced), must be immediately posted to enable appellant to continue these limitation proceedings. We vacate

* Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

the portion of the district court's order requiring the posting of security under section 183(a) over the amount of $74,-558.71, and remand for further proceedings to determine whether an additional $7,900 should be posted under that section. If, under the terms of the shipping agreement, the prepaid freight can and will be recovered by the shipper because the goods were not delivered, then the appellant need not post the $7,900 amount. *Pacific Coast*, 114 F. at 882. If the shipping agreement does not permit the shipper to recover this prepaid freight, the $7,900 is completely earned, constitutes "pending freight," and must be posted as security. *LaBourgogne*, 210 U.S. at 136, 28 S.Ct. at 679; *The Steel Inventor*, 36 F.2d 399, 400 (S.D.N.Y.1929).

In all other respects, the petition for rehearing is DENIED.